## George W. Ford v. John M. Loomis and others.

*Equity pleading and practice: Proofs: Case made by the bill.* No relief can be granted in equity on evidence establishing a case not made by the bill.

*Fraud: Estoppel: Laches.* Where a party has consented that the legal title to lands should by an absolute conveyance be passed over to another, or discovers that another has fraudulently obtained the legal title and put it in the market, he cannot stand by and see third parties acquire rights upon such apparent legal title and afterwards ask for relief which is purely equitable.

*Heard October 16 and 19. Decided January 5.*

Appeal in Chancery from Mason Circuit.

*E. N. Fitch, William L. Mitchell* and *Robert Rae,* for complainant.

*Shubael F. White, T. J. Ramsdell* and *Mariner, Smith & Ordway,* for defendants.

MARSTON, J:

There are two objections to granting the relief sought in this case: *First,* the bill sets up that upon the 5th day of April, 1859, an agreement was entered into by which complainant consented that a certain tax-title interest which Henry S. Durand then held in certain lands claimed by said Ford, and also certain personal property then owned by Ford, should be conveyed to Loomis and Ludington in trust; that they were to take all of said property, operate the mill upon said lands, manufacture lumber, and out of the proceeds thereof pay themselves the amount of a decree which they had against complainant, and which was a lien upon most of his real and personal property, less twenty thousand dollars which they agreed to deduct therefrom; second, pay themselves five thousand five hundred dollars which they had paid Durand, and also pay all other debts which complainant was then owing divers persons, and after making such

33 MICH.—16.

payments and also paying themselves for all costs, trouble and expense they were to in so doing, that they should then redeliver and reconvey the balance of said property to complainant, and that upon this agreement being made, complainant consented to their taking possession.

Complainant's own testimony fails to show that any such trust agreement was then or at any time entered into. It tends to show, and such was the theory of complainant's counsel, that Durand's claim or interest under the tax deeds was that of a mortgagee; that Loomis and Ludington merely succeeded to his rights and held this property as mortgagees for the payment of their decree, less the twenty thousand dollars deducted therefrom, and for the amount paid by them to Durand, and to one Hannah, in order to obtain a release of a lien which he held upon a part of the property. Complainant's testimony does not, nor does any of the testimony, tend to show an assignment to Loomis and Ludington of, this property in trust for the payment of all Ford's debts as set forth in the bill of complaint. It has been so often decided in this state that no relief can be given on evidence establishing a case not made by the bill, that a reference to the cases is unnecessary.

*Second.* While there are many circumstances in the case tending to support the theory that the conveyance was intended as a security only; that Durand had no knowledge of the execution of the deeds of November 16, 1858, by Ford, and that only his interest under the tax deeds, and in the lands therein described, was to pass, yet the testimony is not of that clear, explicit and unequivocal character that would warrant us at this late day in opening up such matters. Where a party has consented that the legal title should, by an absolute conveyance, be passed over to another, or discovers that another has fraudulently obtained the legal title, and put it in the market, he cannot stand by and see third parties acquire rights upon such apparent legal title, and ask for relief which is purely equitable. Whatever rights Ford originally may have had, have been

cut off by his laches. A party must be prompt in communicating the fraud when discovered.—*Disbrow v. Jones, Har. Ch., 102; Street v. Dow, Id., 427; McLean v. Barton, Id., 279; De Armand v. Phillips, Walker's Ch., 186.*

The fraud, if any was perpetrated, was in recording the deeds of November 16, to Durand. Complainant discovered this the next day after they were recorded, viz.: April 12, 1859, and yet he took no steps whatever in the case until this bill was filed in 1873, but stood silently by while the property was being improved, by parties claiming to own it in fee, until it has now become very valuable, and third parties have acquired rights therein.

The decree of the court below, dismissing the bill, must be affirmed, with costs of both courts to defendants.

The other Justices concurred.