Gray v. Crockett.

## B. Gray v. Elizabeth I. Crockett, et al.

1. District Judge, *as a Witness.* A district judge is not competent as a witness in a cause tried before him.

2. Change of Venue — *When Granted, When Not.* A district judge ought not to change the place of trial of a civil action, except for cause, true in fact and sufficient in law, and the cause for such change should be made to clearly appear to the court; but when an affidavit for a change of venue is presented, which is general in its terms, and the judge has personal knowledge that he is ·disqualified to sit, a change of venue ordered by him upon the affidavit and his own personal knowledge that he is so disqualified, cannot be declared erroneous.

3. Venue; *Order Granting Change, Not Erroneous.* Where a party to a civil action makes an application to the district court for a change of venue, and files an affidavit in support thereof, upon the ground that he is advised by his attorney that the district judge is a material witness in his behalf upon the trial, that he believes such advice to be true, and desires the evidence of the judge at the trial, and intends to procure the same if a change of venue is granted, and the district court upon such application, affidavit, and its own personal knowledge, transfers the case to another district for trial, the order is not erroneous; but if the district court, upon such affidavit, so general in its terms, had overruled the application, the supreme court would not disturb the ruling.

4. Claim of Title; *Estoppel.* If one stands by and allows another to purchase his property without giving him any notice of his title, a court of equity will treat it as fraudulent for the owner to afterward try to assert his title.

5. Specific Performance; *Wife, Estopped from Claiming Title.* Where a married woman owned thirty-three acres of real estate within the limits of an incorporated city, upon which she and her husband lived, and one acre thereof was their homestead, and her title from her husband is not recorded, although the deed under which she claims was deposited with the register of deeds for record, but by him put away in a package where it remained over twenty years, and could not have been found only by a person having such knowledge of the business management of the register's office as to induce an investigation of the package containing it, and her husband enters into a written contract for the sale of the real estate, and the wife is present at the time of making the contract, heard its contents stated, knew the terms and conditions thereof, and did not dissent therefrom, except by expressing a desire that the deferred payments pro-

vided in the contract should draw ten per cent. interest instead of -eight, and after an action is commenced against her husband for the specific performance of the contract, to which she is a party, did not disclose her title for more than two years: *Held*, She will be estopped from setting up title to the land, which is not a part of the homestead, to defeat a suit brought against her husband for the specific performance of his contract, and so will the grantee of herself and husband, if such grantee had no actual knowledge of the unrecorded deed and dealt with the land at the time of the subsequent purchase as that of the husband, and had notice of the prior contract of sale.

## *Error from Douglas District Court.*

Action brought March 3, 1882, by *B. Gray* against *Elizabeth I. Crockett*, *H. C. Long*, and *Martha M. Long* his wife, to compel them to convey to plaintiff certain real estate. The defendants filed the following answer, omitting court and title:

"*First.* They admit that said Elizabeth I. Crockett purchased the real estate described in said petition, but without any notice of the pretended contract set out in said petition, as alleged to be existing between said plaintiff and said defendant H. C. Long. And these defendants, further answering, say:

"*Second.* The pretended contract set out in said petition is absolutely void and of no legal effect, and plaintiff should not be allowed to have and maintain his action thereon, because they say that the land described in said pretended contract was one entire body of land less than one hundred and sixty acres in amount, situated in Wyandotte county, state of Kansas, and not within the limits of an incorporated town or city, and was at the time of the signing of said pretended contract by defendant H. C. Long, occupied as a residence by the family of said H. C. Long and the defendant Martha M. Long his wife, and the defendants aver that said Martha M. Long never did sign said pretended contract, and never in any manner assented thereto.

"*Third.* They deny each and every other allegation and averment contained in said petition."

The first trial was had at the July Term, 1882. The court then decided the contract of April 22, 1881, void and of no effect, and rendered judgment for the defendants. The plain-

tiff brought the case here, and the judgment of the district
court was reversed, and the cause remanded for a new trial.
(*Gray v. Crockett*, 30 Kas. 138.) At the July Term, 1883,
of the court, Gray obtained judgment against the defendants,
who brought the case here. That judgment was reversed,
and the cause remanded for a new trial. (*Crockett v. Gray*, 31
Kas. 346.) On April 7, 1884, the defendants filed a motion
for a change of venue, on account of the alleged bias and
prejudice of the district judge, Hon. W. R. Wagstaff. This
motion was overruled. The defendants then filed a motion for
a change of venue, for the reason that the district judge, Hon.
W. R. Wagstaff, was a material witness for the defendants
upon the trial of the cause, and that the defendants desired
to have his testimony. On May 2, 1884, this motion was
sustained, and the cause sent to the district court of Douglas
county for trial. Trial at the April Term of the district
court of that county for 1884, and in July of that year, a
jury being waived. The court made the following conclusions
of fact:

"1. At the time and place mentioned in plaintiff's petition,
plaintiff made with defendant, H. C. Long, the contract in
said petition stated and set forth. The lands in said petition
described are the lands mentioned in said agreement, which
was reduced to writing, and signed by the parties thereto.

"2. H. C. Long was a married man, and with his wife lived
upon said tract of land, which was situated within the city of
Wyandotte, and one acre thereof constituted the homestead of
H. C. Long and wife.

"3. At the time of the making of the aforesaid written
agreement, said Long's said wife was present and heard the
contract stated, and knew the terms and conditions thereof, and
did not dissent therefrom, excepting that she expressed a de-
sire that the deferred payments should draw ten per cent.
interest, instead of eight per cent., as provided in said writing.

"4. She did not sign and was not asked to sign said con-
tract, or to become a party thereto.

"5. No money was paid the said Long upon said contract,
but at the time, or before the time provided by said contract
for the payment of money thereon, the plaintiff offered to pay
the first payment of money required to be paid thereon, which

payment was refused by said Long, who declined to fulfill the same.

"6. Said Long and wife, after the making of said contract, sold the said land so agreed by said H. C. Long to be sold to said plaintiff, to defendant Elizabeth I. Crockett, who, before purchasing the same, had notice of the prior sale thereof by H. C. Long to plaintiff, excepting that said Long did not sell to said Crockett one acre and seven-tenths thereof.

"7. The price paid for the portion of said land purchased by said Crockett was $8,500.

"8. In the year 1860, and on the thirteenth day of September in said year, said Long made a conveyance of the land mentioned in the said contract of sale by H. C. Long to plaintiff, to one R. L. Vedder, who received said conveyance from said Long, and took and delivered the same to the register of deeds of Wyandotte county for record, but did not pay the fee for recording the same. Said register of deeds received the said conveyance and deposited the same with other deeds within his office, where the same remained until the same was found by the register of deeds of Wyandotte county in the fall of the year 1883.

"8½. Said deed was unrecorded by said register, and would have been found only by a person having such knowledge of the business management of said office as to induce an investigation of the package containing the same, being with other old and unrecorded deeds in said office.

"9. On the 4th day of December, 1860, said Richard L. Vedder conveyed said land by deed with warranty to Martha M. Long, the wife of said H. C. Long, which conveyance was duly recorded in the office of the register of deeds of Wyandotte county, on the — day of ——, 1869.

"10. The plaintiff had no actual knowledge of either of said deeds from Long to Vedder and from Vedder to Mrs. Long, until July, 1883."

Thereon, the court made the following conclusions of law:

"1. At the time of the making of the contract of sale set out in the plaintiff's petition, Martha M. Long was the owner in fee simple of the real estate in said contract mentioned and described.

"2. She is not estopped from asserting her ownership of or title to the same, and every part thereof, by reason of any act of hers suffered or done at the time, or before, or since the

· making of the contract between the plaintiff and H. C. Long, set up by the plaintiff in this action.

"3. Plaintiff in this action is not entitled to a specific performance of said contract.

"4. Defendants are entitled to judgment in this action for costs, and it is so ordered."

The plaintiff excepted to all the findings of fact, and also to the conclusions of law. Judgment was entered in favor of the defendants for costs. Plaintiff excepted, and brings the case here.

*Nathan Cree*, for plaintiff in error.

*J. B. Scroggs*, and *Stevens & Stevens*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: It is claimed by the plaintiff that the order directing the trial of this cause to be had in Douglas, instead of Wyandotte county, is void, and if not void, is at least erroneous. The order was based upon the affidavit of H. C. Long, one of the defendants, setting forth that —

"He was advised by his attorney that Hon. W. R. Wagstaff, the district judge, was a material witness for the defendants upon the trial; that he believed the advice to be true, and that he desired the testimony of the judge at the trial, and intended to procure the same if a change of venue was granted."

Section 56 of the civil code reads:

"In all cases in which it shall be made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, or when the judge is interested or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or is otherwise disqualified to sit, the court may, on application of either party, change the place of trial to some county where such objection does not. exist."

The contention is that a district judge is not "disqualified to sit," even if a material witness in a case, and that the affidavit upon which the order changing the place of trial to Douglas county was made was insufficient, in that it did not set out what the defendants expected to show by the judge,

nor was it otherwise made to clearly appear that the judge was a material witness.

We do not think the order of the court void. A judge is not competent as a witness in a cause tried before him, for this, among other reasons: That he cannot hardly be deemed capable of impartially deciding upon the admissibility of his own testimony, or of weighing it against that of another. It is now well settled that the same person cannot be both witness and judge in a cause. (1 Greenl. Ev., 12th ed., § 364; *Ross v. Buhler*, 14 La. 312; 2 Bouvier's Law Dictionary, 12.)

1. District judge as a witness. Therefore we think that where a judge is a material and necessary witness in a case, he is "disqualified to sit." If the district court had overruled the application to change the place of trial upon the affidavit presented, we would unhesitatingly pronounce the ruling eminently correct, because it seems to us that the true rule in such a case is, that such facts and circumstances must be proved by affidavits, or other extrinsic evidence, as clearly show that the judge is a material and necessary witness; and unless this clearly appears, a reviewing court will sustain an overruling of the application. (*City of Emporia v. Volmer*, 12 Kas. 622.) The affidavit, in this case, for the change of venue, should have disclosed how the attorneys obtained knowledge of the fact that the district judge was a material witness, and all the facts the defendants believed the judge would prove. This

3. Venue; order granting change not erroneous. was not done; but, although the affidavit is deficient in this respect, we cannot wholly ignore the personal knowledge of the judge who transferred the case. A judge ought not to transfer a case upon a mere suggestion, or even upon an affidavit stating conclusions only; and no change of venue should be granted except for cause, true in fact and sufficient in law, and all of this should be made to clearly appear to the court; but when an affidavit

2. Change of venue—when granted, when not. is presented in general terms for such a change, and the judge has personal knowledge that he is disqualified to sit, a change of venue ordered by him upon the affidavit and his own personal knowledge that

he is disqualified cannot be declared erroneous. (*City of Emporia v. Volmer*, supra; *Edwards v. Russell*, 21 Wend. 68; *Moses v. Julian*, 45 N. H. 52.)

The contract set forth in the petition is as follows:

"APRIL 22, 1881.—Agreement between H. C. Long and B. Gray for sale of his farm of thirty-three acres, south side of Tauromee street, Wyandotte, for eight thousand dollars:

"Said Long agrees to sell the said farm for $8,000, payable as follows: $500 by the 28th of April, inst.; $1,500 in three months from date; and balance, $6,000, in three years, with interest at 8 per cent.

"Gray agrees to make payments as above, and pay Armstrong's commission, not exceeding $100.

"Gray to have possession when $2,000 is paid, and deed then to be given and mortgage then given to Long for three years at eight per cent. interest, with the privilege of paying the whole or part sooner.                H. C. LONG.
                                                                              B. GRAY."

. The principal and the important question involving the merits of this case arises upon the following finding of fact:

"At the time of the making of the written agreement, Martha M. Long, wife of H. C. Long, was present, heard the contract stated, knew the terms and conditions thereof, and did not dissent therefrom excepting she expressed a desire that the deferred payments should draw ten per cent. interest instead of eight per cent., as provided in the contract."

A further finding of the trial court is to the effect that Mrs. Long was the owner in fee simple of the real estate in controversy, and as a conclusion of law, upon all the facts found, the court decided that Mrs. Long was not estopped from asserting her ownership or title to the same by reason of any act of hers suffered or done before, at the time, or since the making of the written contract of April 22d. At the time of the execution of this contract, Long and wife lived upon the land within the city of Wyandotte, and the deed from H. C. Long to Richard L. Vedder, of September 13, 1860, under which Mrs. Long claims title, was unrecorded. It had been delivered to the register of deeds of Wyandotte county for record in the year 1860, but was placed with other deeds in a package where

it remained until found by the register in the fall of 1883. It could only have been found by a person having such knowledge of the business management of the register's office as to induce an investigation of the package containing the same. The written contract shows upon its face that H. C. Long sold the land as his own. It is indisputable that the plaintiff supposed he was dealing with Long as the owner of the land; and that both husband and wife were willing to sell is evident from the fact that they did shortly thereafter sell, at an advance. Mrs. Long asserted no title to the premises until after the decision of this court in June, 1883, that the land was within the limits of the city of Wyandotte, and therefore, that only one acre thereof was exempt as a homestead. (*Gray v. Crockett*, 30 Kas. 138.) This was more than two years after the execution of the written contract. Upon the belief that Long was the owner of the land, the plaintiff commenced his suit for a specific performance of his contract on March 3, 1882. This suit was prosecuted by him for over a year without Mrs. Long making her title known, and the money and time of the plaintiff were expended in his attempt to obtain the conveyance which H. C. Long had agreed to execute. When the case was tried at the July term of the court for 1882, it was admitted by all the parties, for the purposes of the trial, that on April 22, 1881, H. C. Long was the owner of the land described in the contract.

Upon the findings of fact, we think Mrs. Long is estopped in equity from now asserting that at the time of the contract between the plaintiff and her husband, she was the owner of the premises described therein. Questions relative to estoppel are not in general controlled by technical rules, but are usually determined upon principles of equity and good conscience. Mrs. Long stood by and allowed the contract to be executed; to some extent she participated in the negotiations preliminary to the execution of the contract. Her silence as to her title, her acquiescence at the time of the contract, and her failure to disclose her title during the earlier stages of this litigation, invoke against her the familiar rule of justice, that if one

**4. Claim of title; estoppel.** stands by and allows another to purchase his property without giving him any notice of his title, a court of equity will treat it as fraudulent for the owner to afterward try to assert his title. "He who will not speak when he *should*, will not be allowed to speak when he *would*." (*Goodin v. Canal Co.*, 18 Ohio St. 169; *Tilton v. Nelson*, 27 Barb. 595; *Foster v. Bigelow*, 24 Iowa, 379; *Anderson v. Armstead*, 69 Ill. 452; *Thompson v. Sanborn*, 11 N. H. 201; *Ford v. Loomis*, 33 Mich. 121; *Beatty v. Sweeney*, 26 id. 217; *Doughrey v. Topping*, 4 Paige's Ch. 93.)

Judge Thompson, in an article concerning estoppels against married women, says:

"If a married woman owns real property, but her title is not of record, and her husband enters into a contract for the sale of it, of which she is informed at the time and to which she makes no objection, she will be estopped from setting up her title to the land to defeat a suit brought against her husband for specific performance of his contract, and so would her grantee."

(8 Southern Law Review, N. S. 275–310; *Smith v. Armstrong*, 24 Wis. 446; *Catherwood v. Watson*, 65 Ind. 576.)

**5. Specific performance; wife estopped from claiming title.** We are therefore of the opinion that the conclusion of law of the trial judge that Mrs. Long was not estopped from asserting her ownership or title to all the premises in dispute, is erroneous, and cannot be sustained.

It is again insisted that defendants are entitled to judgment, even though the homestead included only one acre, as the contract was for the entire tract at a price in gross and not so much per acre, and as the homestead acre was inalienable by the husband alone and was in no manner identified in the contract or its price determined, that there is no way of apportioning the price of the thirty-two acres which the husband could sell. In addition to what is stated upon this point in the former opinion of this court in *Crockett v. Gray*, 31 Kas. 346, it appears to us from the record that H. C. Long and wife have no real complaint to make. Upon the trial, the plaintiff offered these

defendants the privilege of selecting their own homestead; therefore they will have the right to retain any acre of the land described in the contract which they may choose. The plaintiff only asks that his contract be enforced after these defendants select and retain one acre thereof. As was said by Mr. Justice BREWER, speaking for this court when the case was last presented to us for our determination, "it is equitable that the contract of April 22, 1881, be enforced so far as is possible, and not that the contracting party be permitted to avoid his contract obligations." When Mrs. Crockett purchased, she had notice of the prior sale of the premises to plaintiff, and therefore acted with full knowledge of all his rights. (*Meixell v. Kirkpatrick*, 33 Kas. 282.) L. H. Wood was the agent for Mrs. Crockett, and when she purchased, on December 24, 1881, she had no actual knowledge of the deed from Long to Vedder of September 30, 1860. This deed was found by Wood in a package in the register's office about September 10, 1883; therefore Mrs. Crockett bought the land with ignorance of the title of Mrs. Long, and like the plaintiff, supposed she was dealing with Long as the owner. After the first trial of this case, Mrs. Crockett became afraid of her title, and desired to sell the land. L. H. Wood then negotiated a sale of it from her to his father-in-law, the latter paying the same price that Mrs. Crockett did, with interest on her money. As all of these sales were made through L. H. Wood, and as he acted as agent both for Mrs. Crockett and his father-in-law, and had notice of all the rights of plaintiff, the latter parties are charged with his knowledge. Wood and the principals for whom he acted dealt with the land as that of Long, upon the belief that the contract of April 22, 1881, could be avoided, solely because the land described therein was outside of the limits of the city of Wyandotte, and therefore, being the homestead of H. C. Long and wife, could not be alienated without their joint consent.

The attempt to set aside the contract of April 22, 1881, upon the ground that Mrs. Long was then the owner of the premises, is an afterthought, evidently not contemplated when the joint

answer of the defendants was filed. The statute provides that in cases decided by this court when the facts are found by the court below, this court will send a mandate to the court below directing it to render such judgment in the premises as it should have rendered upon the facts found. Under the statute, therefore, in view of the conclusion obtained, as none of the findings are excepted to by the defendants, the cause must be remanded, with directions to enter judgment for the plaintiff. (Code, § 559.) Of course the plaintiff is only entitled to the enforcement of the contract of H. C. Long. He did not bargain for or purchase the *supposed inchoate interest* of Mrs. Long. She did not sign the contract, and was not asked to sign the same. The plaintiff is entitled to what his written contract calls for. The decree, however, for the specific performance of the contract, as well on the part of H. C. Long, as of Mrs. Crockett, must be so framed as to fully protect such inchoate interest of Mrs. Long, as the wife of H. C. Long, whether owned by herself or subsequent to the contract transferred to her co-defendant, Mrs. Crockett. The rights of the plaintiff are the same as though the deed from H. C. Long to Richard L. Vedder, of September 13, 1860, had never been executed, and as though there had been no conveyance subsequent to the contract, from H. C. Long to Elizabeth I. Crockett.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.