James K. Spencer and Sarah E. Spencer v. The Iowa Mortgage Company.

**No. 123.**

1. Change of Venue—*properly granted where district judge is material witness.*　It is not error for the district court to grant a change of venue upon proof by affidavit, undisputed, that the judge of the court is a material witness on behalf of the party moving for such change, and which proof discloses the facts which the party proposes to prove by such witness, and it appears therefrom that the evidence is material upon the trial of the issues in said case.

2. Burden of Proof—*when, as to delivery of note and mortgage is on plaintiff.*　In an action upon a note and mortgage for per-

SPENCER v. MORTGAGE CO. 379

Nov. 5, 1897. Opinion. Mahan, P. J. W. Div.

sonal judgment and foreclosure, wherein the answer admits the signing but denies the delivery of the note and mortgage, under oath, the burden of proof is upon the plaintiff, and it is error for the court to place such burden upon the defendant.

3. PAYMENT BY GARNISHEE—*not justified unless record shows jurisdiction of all parties, and compelled to pay.* In order to justify the payment of money under a proceeding in garnishment in the justice's court, it must appear by the record of such proceeding upon the face thereof that the justice obtained jurisdiction both of the defendant and garnishee, and that the garnishee was compelled by due process of law to pay the same.

4. SPECIAL FINDINGS—*in this case improperly refused.* The special findings of fact requested by the defendants to be submitted to the jury and refused by the court were addressed to material issues in the case, and it was error for the court to refuse to submit them.

5. HOMESTEAD—*proceeds of mortgage on, exempt.* Money borrowed by a husband and wife on a mortgage upon their homestead, which the wife is induced to sign by representations on the part of the mortgagee and her husband that she shall have the same for the purpose of making improvements upon her home and buying cows to stock the same, cannot, without her consent, be appropriated by the mortgagee to the discharge of the antecedent debts of the husband.

Error from Thomas District Court. Hon. Chas. W. Smith, Judge. Opinion filed November 5, 1897. *Reversed.*

*Tully Scott*, for plaintiffs in error.

*G. Webb Bertram*, for defendant in error.

MAHAN, P. J. This action was commenced in Decatur County by the defendant in error, against the plaintiffs in error, upon a note and mortgage, to recover the amount of the note and foreclose the mortgage. The defendants answered by general denial; and alleged that, although they signed the note and mortgage, they were never delivered to the plaintiff, but that the possession thereof was obtained by the fraud

of the agent of the plaintiff, and that they never received any consideration therefor; that no part of the money was ever paid to them, and that they were not indebted in any manner to the plaintiff upon the note and mortgage; that they had demanded from the plaintiff before the commencement of the suit a release of the mortgage upon the records of the county of Decatur, but that the plaintiff had failed and refused to enter any such discharge. They claimed the statutory penalty therefor, and prayed that the said mortgage might be canceled of record. The answer was verified.

On the motion of the plaintiff, that part of the answer alleging a demand of the plaintiff of a satisfaction and discharge of the mortgage upon the record, and the prayer for judgment for the penalty, was stricken from the answer as being immaterial matter.

The action was begun in Decatur County, and, on application of the plaintiff, a change of venue was granted to Thomas County on the ground that the judge of the District Court of Decatur County was a material witness on behalf of the plaintiff. This action of the court is the ground of the first assignment of error. It is contended that the showing made therefor was not sufficient. This contention cannot be sustained. The showing made for the change of venue was much stronger than in the case of *Gray v. Crockett* (35 Kan. 66), relied on by counsel for plaintiff in error. The order changing the venue was sustained by the Supreme Court in that case. The affidavit did disclose the facts which the plaintiff expected to prove by the district judge, and while it is true that the examination of the judge as a witness did disclose that he was not possessed of knowledge of all of the facts set forth in

1. Change of venue.

SPENCER v. MORTGAGE CO.      381

Nov. 5, 1897.      Opinion.   Mahan, P. J.      W. Div.

the application, yet he did testify to some facts material to the plaintiff in the trial of the case.

The court ruled that the burden of proof was upon the defendants. This was clearly erroneous. The answer of the defendants, which was verified, denied the delivery of the note and mortgage to the plaintiff — denied their validity in the hands of the plaintiff as a note and mortgage. The mere signing of the note and mortgage, and the fact that the agent of the plaintiff obtained possession of them after they were signed, as admitted in the answer, by fraud, did not admit a voluntary execution and delivery of the note and mortgage to the plaintiff.

2. Burden of proof.

The third assignment of error is, that the court erred in sustaining the objection of the plaintiff to the testimony of the defendant Sarah E. Spencer. It was alleged in the answer that the defendants were husband and wife ; that they occupied the land described in the mortgage as their homestead at the time of the making of the pretended mortgage, long prior thereto, and ever since ; that the signature of the wife to the mortgage was obtained through the fraudulent representations of the plaintiff's agent, assisted by the husband. The application for the loan was made by the husband only. The wife was asked when she first learned that an application had been made for the loan. This question was objected to by the plaintiff upon the grounds that it was incompetent, irrelevant, and immaterial. The wife was a defendant ; she was not disqualified as a witness. The question was material and should have been admitted in connection with the other testimony of the wife, and it was error to sustain the objection thereto.

Again, she was asked by her counsel if she would have signed the note and mortgage at all, but for the

382    SPENCER v. MORTGAGE CO.

N. Dept.        Opinion.    Mahan, P. J.        6 Kan. App.

promise and expectation of getting the money to be used in making improvements upon her homestead and in buying cows to be used thereon.    Her prior testimony had disclosed the fact that the agent of the plaintiff had urged these considerations as a reason why she should sign the mortgage and note.    This question was objected to by plaintiff's counsel as being incompetent, irrelevant, and immaterial, and the objection was sustained.    This was error.

The fourth, fifth, sixth, seventh, eighth and ninth assignments of error are, that the court erred in admitting in evidence transcripts from the docket of a justice of the peace showing that certain suits had been brought by various parties against the plaintiffs in error, upon which the plaintiff's agent claimed to have disbursed the money furnished by the plaintiff upon the note and mortgage.    It was contended that
3. Payment by garnishee.    this evidence was competent, because the plaintiff, through its agent, Kindig, had been compelled by the process of garnishment in these cases to apply the proceeds of the loan to the satisfaction of the judgments obtained therein.    The records wholly failed to show that any garnishment process was issued or served upon the plaintiff or its agent; they wholly failed to disclose that there was any order requiring the money to be paid.    There are affirmative orders which say that garnishees have been discharged, but who or what garnishees is not disclosed by the record.    They were incompetent because they did not tend to show that the plaintiff or its agent had been required by law to disburse the money of the defendants in any manner.    It was error to admit them.

The tenth assignment is, that the court erred in excluding from the consideration of the jury the record

of the District Court of Thomas County, showing that the agent, Kindig, who was a witness on behalf of the plaintiff in the case, had been convicted of a felony and sentenced to the penitentiary of the State of Kansas. The record discloses that some record of the kind was offered in evidence, but it does not disclose what the record was, further than the statement of counsel who offered it. We are unable to say, from the record, that the court erred in this.

The eleventh assignment of error is, that the court erred in refusing to submit to the jury certain special findings of fact requested by the defendants, in writing. The record shows that these special findings were properly submitted to the court, with the request that the jury be required to answer them in addition to their general verdict. The first is as to the fact of the land being the homestead of the defendants. This was a proper inquiry and was involved in the case; it was a part of the defense set up in the answer, and should have been submitted to the jury. The second is : "Have the defendants, or either of them, since the execution of the note and mortgage, received the sum of money mentioned therein, or any part thereof?" This was a question proper to be submitted under the issues and it was error to refuse it. It is true that a similar question was submitted in a modified form, but not covering the entire facts as covered by this special question. The third related to the agency of Kindig for the plaintiff to negotiate and close the loan in controversy. That was a proper question under the issues and should have been submitted. The fourth was as to whether it was agreed immediately between Kindig and the defendants, at the time they put their names to the note and mortgage, that they

4. Special findings improperly refused.

should receive the money immediately upon the execution of the note and mortgage. The evidence fairly discloses the fact that, when the Spencers signed the papers, the agent, Kindig, took them without the authority of the plaintiffs and put them in the safe of the bank with which he was connected, and, upon request that defendants be immediately given the money or a return of the papers, he declined, saying for them to come and get it in the morning, as it was too late to pay that night ; that he immediately informed one of the parties to the various suits mentioned above that now was the time to garnishee him, Kindig, for the money that the husband, Spencer, owed ; and that in the morning, when the Spencers returned, he told them there was no money there for them and ordered them to leave the bank. The question was proper under the issues and the evidence, and should have been submitted.

The fifth, sixth, seventh, eighth and ninth questions were addressed to the same issue, and were proper questions under the pleadings and evidence to be submitted, and it was error to refuse to submit them.

The tenth finding asked the jury to say whether the defendants, James K. Spencer and Sarah E. Spencer, were husband and wife. This was a proper question under the issues and ought to have been submitted.

The eleventh is : " Was there a voluntary delivery of the note and mortgage to the plaintiff or its agent, Kindig, by either of the defendants, James K. Spencer or Sarah E. Spencer? " This was the very issue in the case, and the court's refusal to submit it to the jury was error.

The twelfth and thirteenth are a repetition of the second, and it was error to refuse to submit them.

The fourteenth question is: "Did the plaintiff's agent, Kindig, obtain the possession of the note and mortgage by means of any fraud, cunning, trick, or artifice, or any other deception practiced upon the defendant James K. Spencer?" This was also addressed to the most material issue in the case, and it was error to refuse to submit it.

The eighteenth question is: "Was the defendant Sarah E. Spencer induced to execute the note and mortgage by means of the representations of the plaintiff's agent, Kindig, that she should be permitted to receive and use the money for a special purpose?" This was material and should have been submitted. The land was her home. Neither the homestead nor the proceeds of a loan thereon could be applied to the payment of her husband's debts against her wishes or without her express joint consent with her husband. Her claim was that she was induced to put her name to the papers by the express promise of Kindig that she should have the money to make improvements upon her home and to buy cows in order that she might derive a revenue therefrom for the purpose of discharging the debt and lien created thereby, and not that the money should be used to discharge any indebtedness created by her husband alone which was not a lien upon the home. The question was proper to be submitted, was material, and it was error to refuse it.

The twenty-first question is: "Were the note and mortgage executed and delivered to the plaintiff's agent with the voluntary and intelligent consent of both husband and wife?" This was directed immediately to the main issue in the case, and it was error to refuse it.

The twelfth assignment of error is that the court

erred in its instructions to the jury.   In the first part
of the court's instructions, the jury was told positively
that the defendants failed to prove that they, or either
of them, were induced to sign the notes by any false
or fraudulent representations.   There was evidence to
go to the jury upon this question, and it was error for
the court to withdraw the issue from the jury by this
instruction.   The court further said :

" So that the sole question for you to determine in
this case, under the evidence, will be whether or not
there was a consideration for the note which the de-
fendants admit they executed in this case, passing
from the plaintiff to them."

The court by this instruction withdrew from the
consideration of the jury entirely the
question as to whether there was a vol-
untary delivery of the note and mortgage
to the plaintiff's agent.   There was sufficient evidence
upon this proposition to go to the jury, and it was
error for the court to withdraw its consideration from
the jury by this instruction.

5. Money borrowed
by mortgage on
homestead,
exempt.

The court further instructed the jury :

" If you find that, at the time of the execution of
the bond, the defendant James K. Spencer was in-
debted to the said Bank of Oberlin in any sum, and
that he received from the Iowa Mortgage Company a
check or draft, and passed title to that over to the
bank by writing his name upon it — on the back of it
— and that he received credit for the amount of his
indebtedness to the bank, that would be sufficient
consideration to bind both him and his wife.   Her
name appearing upon the paper, she admitting that
she executed it, and the court saying that she has not
proven that she was induced to do so by any fraudu-
lent representations, without receiving any consider-
ation herself, she would be at least a surety on the
paper, and the consideration passing from the mort-

SPENCER v. MORTGAGE CO.          387

Nov. 5, 1897.          Opinion.   Mahan, P. J.          W. Div.

gage company to her husband would be a sufficient consideration to uphold the validity of the paper, and make both her husband and herself liable on the paper.''

The court assumes by this instruction that there was a delivery of the note and mortgage, ignoring the issue made by the pleadings.

The court likewise assumes in this part of the instruction that Mrs. Spencer admitted the making of the note and mortgage, including its delivery, and that the real issue was not that she did not deliver it, but that she was induced to sign it, induced to deliver it, by fraudulent representations of the plaintiff or its agent.   This is not the issue made by the pleadings. The instruction further assumes that the proceeds of the homestead — of money derived by a mortgage thereon made for the express purpose of making improvements and buying cattle to stock the farm — might be, by the mortgagee diverted from such purpose without the consent of the husband and wife and applied to the payment of the husband's antecedent debts.

The court further charged the jury as follows :

'' While it is true, that is, that Kindig was the agent of the plaintiff, it would be immaterial, so far as the plaintiff's right to recover in this case, whether or not he was instrumental in procuring the suing out of any garnishment order, and thereby was instrumental in having a part of this money applied to the payment of James K. Spencer's individual debts under those garnishment proceedings.   Because that act was not within the scope of his authority as agent, and would not be binding upon the plaintiff, and inasmuch as the creditors of Mr. Spencer had a right to sue and garnishee the money if, after it was garnisheed, it was applied to the satisfaction of Mr. Spencer's debts, it would be binding on him, and in that case

388 SPENCER v. MORTGAGE CO.

N. Dept.      Opinion.   Mahan, P. J.      6 Kan. App.

they have failed to make a defense to the extent of the amount of money so appropriated on this note.''

This charge of the court assumes, and the court says to the jury, that there were valid garnishment proceedings under which this money was appropriated. There was no evidence upon which to base this instruction other than the records heretofore referred to, which were erroneously admitted in evidence.

A garnishee is bound to see to it, before disposing of his creditor's money, that the necessary legal steps are taken to charge him thereon. He is bound to make every defense to the garnishment of which he is advised. It is his duty to plead an exemption, if such exists to his knowledge. In this case, so far as the record of the court discloses, there was, in fact, no proceedings taken that would have the legal effect of charging the agent of the plaintiff as garnishee, or which would authorize the plaintiff or its agent to use the money derived from the loan to discharge the claims sued upon in the justice's court. There being no foundation for the instruction, it necessarily misled the jury, and was such error as will necessitate the the reversal of the case.

The court further says :

''Of course, if this money was the proceeds of a loan made upon a homestead, it could not have been reached as a matter of law by a garnishment proceeding. It would have been exempt, as the homestead was exempt. But that question is not for you to consider in this case. The money was garnished in other suits, and if that money was garnished in suits, and these defendants did not defend in those garnishment proceedings on the ground that the money was exempt, or, if they did defend — if the defendants defended upon the ground that it was exempt — and had been beaten, or if they had been decided in their favor, it is a matter that could not in any way be binding upon

the plaintiff, if, as a matter of fact, the defendants received the benefit of the money ; because that was a sufficient payment on the plaintiff's part of the money realized under the foreclosure.''

The court assumes as a matter of fact that this money was legally garnished, and that it was the duty of the defendants to appear and defend these garnishment proceedings, when in fact the record discloses no such proceedings as would require the defendants' notice.

The court goes on to say :

'' In any event; the issue as to whether or not that property was exempt is closed in this case ; and the sole question here for you to determine is whether or not the money was received from the plaintiff by the defendants or either of them, and applied to their benefit, or the benefit of either, and if so, how much ; and when you have determined that fact, then you should return a verdict for the amount that you find was received by the defendants, or either of them, and the amount paid out in the way of taxes — if you find in favor of the plaintiff ; so that, under the law in this case, the defendants failed in their case, and are not entitled to a verdict, only to cut down the apparent claim of the plaintiff under the evidence, unless they show that all this money, or some part of it, that was borrowed or sought to be borrowed under the mortgage or note, was not actually received by them and applied to their benefit.''

Why and how were the defendants precluded upon the question of the exemption of the money ? The defendants say : '' We never delivered you this note and mortgage ; you obtained possession of it from us by deceit ; you never paid us anything on account of the note and mortgage.'' The plaintiff says : '' Yes you did deliver it to our agent, Kindig, and our agent did pay you the money. How ? By discharging the debts

390          Spencer v. Mortgage Co.

N. Dept.          Opinion.  Mahan, P. J.          6 Kan. App.

of the defendant James K. Spencer.'' But the law does not justify the plaintiff in voluntarily discharging a debt in this way, or at all. It says : '' Mr. Kindig paid the Bank of Oberlin for you.'' It further says : '' Our agent, Mr. Kindig, paid certain judgments for you.'' But in order to constitute a payment to the Spencers, it must have been either specifically authorized by both the husband and the wife — both being entitled to the exemption — or, the plaintiff or its agent must have been compelled by legal process to discharge these obligations.

The court practically assumes in this charge that, even though the money was exempt, if the plaintiff or its agent saw fit to discharge the defendant husband's obligations, thereby there was a consideration for the note and mortgage both to the husband and wife to the amount of such debts voluntarily paid by the plaintiff or its agent. If such a rule should obtain, the constitutional safeguards thrown around the homestead would prove a myth and a shadow only. The wife could be induced, as in this case, to execute a mortgage upon her property for a special purpose, and by the machination of the mortgagee the money could be diverted from that purpose, and her homestead right could be taken from her and the money appropriated to the payment of her husband's pre-existing debts, and the homestead be thus charged with the payment of these debts, without her consent and against her will. A party making a payment of the debt of another under such circumstances, is a mere volunteer and is not entitled to any benefit therefrom.

The instructions of the court as a whole are so erroneous and misleading as to have deprived the defendants of all of their material rights under the issues joined

in the case. The thirteenth, fourteenth and fifteenth assignments of error are immaterial, and it is not necessary to consider them. The court erred in refusing the defendants a new trial in the case. The judgment is reversed, and the case remanded with direction to the court below to award to the defendants a new trial in accordance with the views herein expressed.

Wells, J., concurring.

McElroy, J., having been of counsel, not sitting.