## HUGHES V. BREWER.

7 583
12 250

1. In an action by an assignee of a judgment, an averment of the assignment of the judgment is necessary, and a denial of the averment necessarily presents a material issue.
2. The defendant has the right to controvert and put in issue every material averment of the complaint. This is to be done by means of specific denials, and such denials may be made upon information and belief, when the facts are not presumptively within the defendant's knowledge.
3. Whether an assignment of a judgment is *bona fide*, and the plaintiff the owner of the judgment at the time of action brought, are facts

presumptively within the knowledge of the plaintiff, but not presumptively within the knowledge of the defendant.

4. There is nothing in the statute requiring the jurisdictional averment to be in a prescribed form in an action in a county court. The requirements of the statute are satisfied by averments in the complaint which are equivalent to an allegation that the amount in controversy does not exceed $2,000.

*Appeal from County Court of Arapahoe County.*

THE case is stated in the opinion.

Mr. J. P. BROCKWAY, for appellant.

Mr. C. W. WRIGHT, for appellee.

BECK, C. J.   This was an action upon a judgment rendered by the district court of Albany county, Wyoming territory, in favor of one John McLean, and against the appellant Hughes.

The action was brought in the court below by the appellee Brewer, who alleged in his complaint that said judgment had been assigned to him for a valuable consideration, and that no part of the judgment had been paid.

The questions of law involved arise upon the answer of the defendant Hughes and the rulings and action of the county court therein.

The answer is as follows:   "And now comes the said defendant, and, for answer to the said plaintiff's complaint herein, says that as to the allegation in said complaint, 'that on the 2d day of December, A. D. 1880, for a valuable consideration by said plaintiff, Brewer, unto the said McLean paid, the said John McLean did assign and convey unto plaintiff the judgment,' defendant has not and cannot obtain sufficient knowledge or information upon which to base a belief, and therefore denies that said plaintiff paid said McLean anything whatever for said judgment, and denies that the said

judgment was assigned by said McLean to said Brewer; and denies that said Brewer is the owner of said judgment; and avers that said McLean is now the real owner of said judgment; and avers that said McLean is the real party in interest in this suit; wherefore, defendant demands that he be allowed to go hence without day and have judgment for his costs in this suit."

The answer was properly verified. The plaintiff moved the court to strike the answer from the files, and for judgment for want of an answer, on the ground that the answer was a sham pleading and sought to raise an immaterial issue.

The court sustained the motion and gave judgment upon the complaint for the amount of the plaintiff's demand, to which ruling and action of the court the defendant duly excepted.

Two questions are presented for our consideration by the assignment of errors, viz.: *First.* Did the court err in striking the answer from the files? *Second.* Were the allegations of the complaint sufficient to invest the court with jurisdiction of the subject-matter of the controversy?

The objection to the answer, that it presents an immaterial issue, cannot be sustained. The averments that the judgment was not assigned by McLean to Brewer; that Brewer is not the owner of the judgment, and that McLean is the owner of the judgment, go directly to the plaintiff's right of action. His right of action depends upon the averment of the complaint, that the judgment has been assigned to him, and proof of that fact is essential to a recovery of a judgment in his favor against the defendant.

This being so, a denial of the truth of the allegation necessarily presents a material issue. It only remains, therefore, to inquire whether the denial as pleaded was in proper form.

The answer was made upon information and belief, and

it is probable that the court adjudged it to be a sham pleading because the averments contained therein were not in the positive form. The provision of the Civil Code upon this subject is as follows: "In denying any allegation in the complaint not presumptively within the knowledge of the defendant, it shall be sufficient to put such allegation in issue, for the defendant to state, as to any such allegation, he has not and cannot obtain sufficient knowledge or information upon which to base a belief." Code, Revision 1883, sec. 61.

Whether a *bona fide* assignment of the judgment had been made to the plaintiff, and whether the plaintiff was the owner thereof, at the time of bringing his suit, were facts presumptively within the knowledge of the plaintiff, but not presumptively within the knowledge of the defendant.

The defendant has the right to controvert and put in issue every material averment of the complaint. This is to be done by means of specific denials, and such denials may be made upon information and belief, when the facts are not presumptively within the defendant's knowledge.

It does not appear from the record that the court below had any other information that the defendant's answer was a sham than the answer itself, which, being in substance and form in compliance with the requirements of the statute, was sufficient to put in issue the allegations of the complaint which it denied.

The action of the court, therefore, in striking the answer from the files and rendering judgment upon the complaint, was not a mere irregularity, as insisted upon by one of the counsel for the appellee, but an error which affected the substantial rights of the appellant.

The next question is, whether the allegations of the complaint were sufficient to give the county court jurisdiction of the case.

The objection to the complaint is, that it fails to allege, in the words of the statute, that the amount in contro-

versy did not exceed the sum of $2,000. Gen. Laws 1883, p. 244, sec. 2. There is nothing in the section referred to that indicates an intention to require the jurisdictional averment to be in a prescribed form. The import of the language employed therein is, that it must affirmatively appear from the complaint that the value of the property in controversy, or the amount involved, for which relief is sought, does not exceed the sum of $2,000.

The effect of the ruling in *Barndollar v. Patton*, 5 Col. 46, is that the requirement of the statute was satisfied by averments of the complaint which were equivalent to an allegation that the amount in controversy did not exceed the sum of $2,000.

In *Home v. Duff*, id. 574, an action for possession of a mining claim, together with damages for its detention, in which case there was no allegation of the value of the property involved, we held it to be essential to the jurisdiction of a county court that the complaint contain an allegation that the value of the property does not exceed $2,000, or that it contain an equivalent allegation.

Applying the principle announced in the above cases to the case at bar, we have no difficulty in holding that the statutory requirement has been substantially complied with. It affirmatively appears from the complaint that the relief demanded is a money judgment, and that the amount involved, for which relief is sought, is the sum of $283.29, with interest thereon at the rate of twelve per centum per annum from the 14th day of August, 1879. Judgment is demanded for said sum of money, and interest thereon at the rate and for the time stated.

Judgment was rendered for the plaintiff on the 31st day of January, 1881, for the sum of $335.65, that being the amount of principal and interest then due.

It affirmatively appearing, therefore, from the allegations of the complaint, that the amount involved, for which relief was sought, was within the jurisdiction of

the court, we hold that the error in this behalf was not well assigned.

On account of the error first assigned, the judgment will be reversed and the cause remanded.

*Reversed.*