## APRIL TERM, 1894.

BATEMAN, PLAINTIFF IN ERROR, v. REITLER, ADM'R, ETC.,
ET AL., DEFENDANTS IN ERROR.

1. JURISDICTION—COLLATERAL ATTACK.

If the county court administering upon an estate has jurisdiction of the subject-matter and of the parties, its orders and judgments are not open to attack in a collateral proceeding.

2. SAME.

A party to a proceeding by an administrator to sell real estate, who appeared and answered therein, is bound by the findings and judgment of the court.

3. LACHES—EQUITY.

A party who is guilty of laches, or unreasonable delay in asserting his rights, must be denied equitable relief.

*Error to the District Court of Arapahoe County.*

ACTION to set aside administrator's sale and for other relief. Judgment for defendant upon demurrer to the complaint. Plaintiff brings error.

The plaintiff in her complaint alleges, *inter alia*, that on the 9th day of November, 1884, in the county of Jefferson, state of Colorado, Robert Standring died seized and possessed of an undivided one half interest in certain real and personal property; that the said Standring left surviving him as his sole heir his wife, Maria Standring; that shortly after the decease of Robert Standring and on the same day, his wife departed this life; that at the time of the death of Mrs. Standring she was the sole owner of the other undivided one half interest in the property heretofore mentioned, and also as the heir in law of Robert Standring she died seized and possessed and the owner of the property of which her husband died seized.

It is also alleged in the complaint that both Mr. and Mrs. Standring died intestate and left surviving them no chil-

dren; that the plaintiff, Elizabeth Bateman, is the sister of said Maria Standring, deceased, and at the time of said Maria Standring's death was her sole heir at law. Plaintiff also sets forth a certain written contract previously entered into by Mr. and Mrs. Standring with one Hannibal E. Peck, whereby the Standrings agreed to sell and convey certain real and personal property; that the same was thereafter conveyed under an order of court; that in pursuance of said written contract the party of the second part, on May 10, 1885, conveyed to said Robert Standring and said Maria Standring, their heirs and assigns in fee simple, the following real estate, to wit: Lots 17, 18, 19 and 20 in block 82, East Denver, free from all liens and incumbrances; also lots 21 and 22, block 5, East Denver, subject to an incumbrance of $8,000, all of said property being in Arapahoe county, Colorado.

The complaint further alleges the appointment of Charles W. Reitler as administrator of the estate of the Standrings, deceased, his subsequent qualification and entering upon his duties as such administrator; that as such administrator, in the month of August, 1885, he began proceedings in the county court to sell the real estate to pay debts, in both of the estates. In the first of these suits Elizabeth Bateman was made the sole defendant, and in the second the parties defendant were Margaret Hill Standring and others, alleged heirs at law of Robert Standring, deceased.

In this petition which is set out in the complaint it is alleged that Robert Standring and Maria Standring were husband and wife, and departed this life on the 9th day of November, 1884; the amount and value of the personal estate is given according to inventory and appraisement thereof; the sale of the personal estate and the amount received from said sale; the amount of debts and claims allowed against the estate, and the amount still existing and not allowed, so far as known, with a particular description of the whole of the real estate whereof deceased died seized, and such interest, claim and right as decedent had at the time of her decease; the nature of this claim, right and title, the nature

and value of the several parcels of real estate and the nature and amount of incumbrances thereon, together with a statement of the condition of said estate, and making reference to certain exhibits for details, the whole concluded with a prayer for the aid of the court in the premises. It is further alleged that the defendant, Mrs. Bateman, was not a party to the petition filed in the Robert Standring estate, nor served with process therein, nor had notice thereof; that later in the year 1885, the county court made an order in both cases directing the sale of the real estate, and that said administrator sold pursuant to such orders, but that such sale was thereafter disapproved by the court and set aside.

That in March, 1886, the administrator filed petitions to resell the property mentioned. These direct the attention of the court to the proceedings pending, after setting out the condition of the real and personal property up to date, and pray a resale of the premises. On the 24th of August, 1886, the county court, on said petitions, ordered a resale of both estates, and a copy of said order is set out in the complaint as entered in the proceedings in the estate of said Maria Standring, deceased, which in substance authorizes the administrator, if he can obtain a higher price therefor, to sell the interest of said Maria Standring in said realty, jointly with the interest of said Robert Standring; the order fixes the place and notice of such sale and the petition also alleges the due publication for the required time of the notices of sale.

It is further alleged that on the 31st day of July, 1886, the administrator, pursuant to the order and notice, sold the entire interest of said Maria Standring, deceased, jointly with the interest of said Robert Standring, deceased, in the property mentioned in said petitions; that the defendant Samuel Lesem purchased at said sale lots 19 and 20, block 82, for $2,800; that the defendant James H. Hart purchased at the sale lots 17 and 18, block 82, for $3,300; that these sales were approved by the court on the 18th day of September, 1886, and that on the 20th of September, 1886, the adminis-

trator delivered. deeds to the purchasers for the property. The complaint also alleges certain subsequent conveyances of a portion of the property to others.

To the complaint the defendants filed a demurrer assigning the following causes of demurrer:

*First.* That the complaint does not state facts sufficient to constitute a cause of action.

*Second.* That the complaint shows upon its face that the matters relied upon were *res judicata.*

*Third.* That the plaintiff is barred by her own neglect for delay and laches from bringing and taking this action.

Mr. W. J. EDWARDS, for plaintiff in error.

Mr. A. B. SEAMAN, Messrs. MARKHAM & CARR and Mr. ROBERT E. FOOT, for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This is a collateral as distinguished from a direct proceeding by appeal or writ of error attacking the judgments or orders of sale of the county court of Jefferson county, a court of general jurisdiction and having particularly in charge the administration of estates.

If the court administering upon the estates had jurisdiction of the subject-matter and of the parties, its orders and judgments are not open to attack in this proceeding. Moreover, even where the attack is direct upon appeal or writ of error " Public policy and common justice require that judgments of courts of record of long standing, and upon the faith of which property rights have been acquired, should not be disturbed, except for the most manifest error." *Sloan v. Strickler*, 12 Colo. 179.

In this instance the property was sold twice, and the fact that the court after setting aside the first sale ordered a resale upon a motion or petition, referring to the previous petition for many of the facts relied upon, was at most a mere

irregularity and not open to attack in this proceeding. The statute under which the proceedings were had in the county court requires, in case the executor or administrator desires to sell the real estate of a decedent, that he shall present a petition setting forth :

*First.* " The amount and value of the personal estate, according to the inventory and appraisement thereof, and if sale has been made of such personal estate, the amount received from such sale."

*Second.* " The amount of debts and claims allowed against the estate and the amount still existing and not allowed, so far as the same may be known."

*Third.* " The amount of legacies, if any, for the payment of which resort must be had to the real estate, and describing particularly the whole of the real estate whereof the decedent died seized, or in or to which he or she, at the time of his or her decease, had any interest, claim or right."

*Fourth.* " The nature of his or her claim, right or title."

*Fifth.* " The nature and value of the several parcels of such real estate respectively, and if the same or any thereof are incumbered, the nature and amount of such incumbrance, and pray the aid of the court in the premises."

It is claimed in this case that the petition filed in the matter of the estate of Maria Standring, deceased, does not show either the insufficiency of the personal property to pay the debts and charges against the estate, or a necessity for the sale of the real property, or any portion thereof. The petition does, in fact, disclose the nature, extent and value of all the personal property belonging to the estate, and contains a detailed statement of facts from which it sufficiently appears that the personal property is not sufficient to meet the claims and costs allowed against the estate, and consequently it does show the necessity for resort to the real property. The case is unlike the case of *Haynes v. Meeks*, 20 Cal. 288, relied upon by counsel. In that case there was no attempt to comply with the statute with respect to either the personal or real property. It also appeared that the administrator

making the sale was never legally appointed to the position, and was not at the time entitled to act in such capacity. Moreover, plaintiff in error was a party to the proceedings resulting in the sale of the one half interest in the property standing of record in the name of Maria Standring, deceased; she appeared and answered and is bound by the findings and judgment of the court. *Grignon's Lessee v. Astor,* 2 Howard, 319.

The order of sale in that case is conclusive as to such interest in this. It contains the following, *inter alia :*

" This matter coming on to be heard upon the petition of Charles W. Reitler, administrator of the estate of Maria Standring, deceased, and the answer of the defendant Elizabeth Bateman, thereto, and the court being fully advised in the premises, after argument of counsel on behalf of plaintiff and defendant, and it appearing to the court that said petition asks for leave to re-sell the real estate of said deceased, more fully described and set out in the petition filed by said administrator, for the sale of said real estate, to pay the debts of said defendant and the expenses of administration of said estate, and it further appearing to the court that the sale of said premises made by said administrator under the decree of this court duly made and entered on the 16th day of December, 1885, was set aside and the report of said sale by said administrator made of his doings and proceedings under such decree was not confirmed; and, it further appearing to the court, that the necessity stills exists that the said interests of said deceased in said real estate be re-sold, to pay the debts of said deceased and the expenses of administration. · And it further appearing to the court that the personal estate of said deceased is not sufficient as it now appears by the sum of $2,975.85, to pay the debts against such estate and expenses of administration, and that all the facts and material allegations set out in said decree and petition still appear and exist."

As to the undivided interest standing in the name of Robert Standring at the time of his death, the claim of plaintiff is

that Maria Standring survived the death of her husband a brief period, and that as such survivor the real estate held by him descended to his wife as the sole heir at law, and that upon Mrs. Standring's death the whole estate passed to her sister, the plaintiff in error.

The petitions for the sale of the realty were filed in both estates at the same time and great care is manifested throughout the proceedings. The petitioner, evidently desirous of complying with the statute in every particular, made the living heirs of Robert Standring, so far as known, parties defendant in the proceeding with respect to the realty standing in his name at the time of his death, while in the estate of Maria Standring, plaintiff in error, Elizabeth Bateman, was made the sole defendant. At the time it was not known who died first, Robert or Maria, and the court administered the estate as separate estates, leaving the question of survivorship to be thereafter determined.

If it be conceded that plaintiff in error should have been made a party defendant *in re* the estate of Robert Standring, she still has no standing in a court of equity upon the present bill. She was of legal age at the time the estates were in process of administration; she was a party defendant in a proceeding in which an undivided one half interest in the property was sold. The sales were made at the same time; the advertisements were inserted cotemporaneously, and both interests were offered for sale and sold together at public auction, all of which must have been known to plaintiff in error.

If she was entitled to the portion owned by Robert Standring at the time of his demise she should have set up such claim; instead of doing this she waited nearly four years after the confirmation of the sale before asserting such claim. In the meantime a portion of the property had been deeded by the purchasers, and third parties had paid out large sums upon the faith of the order of the court. During all this time the purchasers had been in possession, presumably paying taxes upon the property, or otherwise it would have been

sold for taxes.   In this new country the value of city property fluctuates continually, and parties claiming title thereto cannot be allowed, with full information, to remain silent for years, while interested parties invest on the strength of a title apparently perfect.

To allow plaintiff in error to maintain this suit would be a manifest injustice and a fraud upon the rights of the defendants.   By a familiar principle a party who is guilty of laches, or unreasonable delay in asserting his rights, must be denied equitable relief. · The authorities are believed to be uniform upon this question.   *Great West Min. Co. v. Woodmas of Alston Min. Co.*, 14 Colo. 90 ; *Dunne et al. v. Stotesbury*, 16 Colo. 89 ; *Executors v. Van Rensselaer*, 1 Johnson's Chan. 343 ; *Ford v. Loomis*, 33 Mich. 121 ; Herman's Estoppel and Res Judicata, vol. 2, secs. 939, 951, 1063 and 1221.

The judgment of the district court will be affirmed.

*Affirmed.*