HARTSEL ET AL. v. THE PEOPLE, ETC., FOR THE USE OF, ETC.

1. RES JUDICATA.

In so far as claims made against an administrator were considered and passed upon by the county court, sitting as a court of probate, its judgment, in the absence of fraud or mistake, must be considered as final and conclusive. But if an executor or administrator would protect himself from future liability, he must see that his accounts presented to the court embrace all his transactions had in such capacity. He may be held liable upon his bond with reference to items and matters not embraced in his accounts or considered by the court.

2. SAME.

The decree of the county court in probate matters, settling an adminis-
    trator's final account and discharging him from his trust, is conclu-
    sive upon all matters or items which come directly before the court.
    It is conclusive, however, only as to the matters embraced in the
    account.　It is no bar to the claims of creditors or heirs which did
    not in any manner form the subject thereof.

3. STATUTORY CONSTRUCTION.

The statute (Gen. Laws, sec. 3629) does not give or purport to give a
    new right of action upon the bond of an executor or administrator.
    The right there alluded to exists independent of the statute.

*Appeal from the District .Court of Chaffee County.*

ACTION upon the bond of an administratrix, brought by an
heir after reaching her majority.　The amounts as stated in
the opinion represent only the one quarter interest of plain-
tiff as such heir.

It is averred in the complaint, *inter alia*, that the father of
plaintiff, one Frank Mayol, departed this life upon June 3,
1874, leaving the defendant, now Nancy M. Hartsel, his
widow, and Emily Madeline Mayol and Richard Mayol, his
children, his only heirs, and leaving an estate of the value of
$31,000.

It is further alleged that on the 13th day of June, 1874,
the defendant, Nancy M.. Hartsel, was appointed administra-
trix of said estate, and that, after giving the bond sued upon
in this action, she entered upon the discharge of her duties.
The breach alleged in the condition of the bond is a failure
to pay over moneys collected for the estate, and failure to
account for certain property coming into her hands as admin-
istratrix.

The answer denies certain allegations of the complaint and
confesses and avoids others, and as an additional defense the
defendants set up the proceedings of the probate court of
Chaffee county in the matter of the administration of the
estate of Frank Mayol, deceased.　The records are set forth
in full, including many reports made by the executrix of her
acts and doings as such, with the orders of the court approv-

ing them.  These orders conclude with an order of final
settlement and discharge of the administratrix, of date Jan-
uary 7, 1884.

Mr. A. S. WESTON and Mr. M. J. BARTLEY, for appel-
lants.

Mr. G. K. HARTENSTEIN, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Of the items relied upon in this action as a proper charge
against the administratrix, several were disallowed by the
court, and are not now contested, and consequently will not
be further alluded to.

The first item allowed was for $320.  This amount was
turned over in cash to the administratrix and was designated
in the appraisement, but for some reason it was not charged
to or accounted for by her.

The next item is for $1,000, in live stock belonging to the
estate and turned over to Fred. Mayol, and for which the
administratrix received credit in her accounts, although this
stock was not included in the appraisement or charged to the
administratrix in any way.

The third item is for a collection of $233 on a certain note
described as the Newitt note.  This item was called to the
attention of the probate court in a letter by Samuel Hart-
sel, the husband of the administratrix, who is shown to have
acted for and by her authority, but it does not appear that
this amount was ever charged to the administratrix or passed
upon by the probate court in any way.

The fourth and last item is a claim of $1,649, money col-
lected by Mrs. Hartsel as administratrix and reported to the
court as having been received by her and ordered by the
court to be turned over to Mr. Hartsel, the guardian of plain-
tiff.

The principal contention of counsel in this case is in refer-

ence to the effect to be given the latter part of the following section of the General Laws of 1883:

"SEC. 3629. If it shall appear that such notice hath been duly published, the court may, upon the day named therein, hear and examine the accounts of the executor or administrator, which shall be rendered in the same manner as at other settlements, and the objections of any parties in interest who may object thereto, and if it shall appear that the executor or administrator hath fully and faithfully administered all the estate of the decedent, which hath come to his hands, according to the provisions of this chapter, the court may approve such accounts and discharge the executor or administrator, but no such discharge shall in any manner affect the right of any creditor, heir or devisee, to bring an action upon the bond of such executor or administrator, for any breach of the condition thereof."

Appellants contend that as the probate court is a court of record having general jurisdiction in the settlement of estates, appointment of guardians, etc., that its orders and judgments are final and conclusive and not open to collateral attack. The appellee does not dispute the correctness of the above statement as a general proposition, but says that the same is changed by the statute above given, his contention in this behalf being that in a suit upon the bond the entire matter is left open to investigation by reason of this language,—"but no such discharge shall in any manner affect the right of any creditor," etc.

In order that we may determine the effect of that portion of the section to which our attention is invited, it will be necessary to refer for a moment to the effect that should be given to decrees and orders of the probate court in the absence of such a statute. The law in this regard is stated as follows in Black on Judgments, section 644:

"A decree of the probate court settling an executor's or administrator's final account and discharging him from his trust, after due legal notice, and in the absence of fraud, is conclusive upon all matters or items which come directly

before the court, until reversed; and it will be presumed that it was founded upon proper evidence, and that every prerequisite to a valid discharge was complied with ; nor can the decree be impeached in any collateral proceeding. * * * The decree, however, is conclusive only as to the matters embraced in the account. It is no bar to the claims of creditors or heirs which did not in any manner form the subject of it."

Mr. Woerner, in his work entitled "The American Law of Administration," at section 506, says:

"It seems a self-evident proposition that the judgment or decree of the probate court on the final settlement by an executor or administrator is conclusive only upon the matters therein embraced. That which has not been tried cannot be said to be adjudicated. The probate court cannot divest itself of jurisdiction over an executor or administrator by deciding that an account is final as to any matter not included in the account before it ; nor is such decree or judgment conclusive of matters collaterally recited, but not directly adjudicated. It is important, therefore, that the executor or administrator should, for his own protection, include in his account every item which constitutes an element in the settlement."

The conclusions of these text writers are well supported by both reason and authority. The county court in this state is given general jurisdiction in probate matters, settlement of estates, etc. It may be said that it was primarily created for the exercise of such jurisdiction, but if its judgments are open to collateral attack, its usefulness would be destroyed. That such is not the law has been held in the following among other cases : *Bateman v. Reitler, Admr.,* 19 Colo. 547 ; *Woodruff v. Cook et al.,* 2 Edw. Ch. 259 ; *Jennison v. Hapgood,* 7 Pick. 1 ; *Tebbets, Admx., v. Tilton, Admx.,* 24 N. H. 120 ; *Crossan v. McCrary,* 37 Iowa, 684 ; *Sparhawk et al. v. The Administrator,* 9 Vt. 41 ; *Chambers' Appeal,* 11 Pa. St. 436.

Recurring now to the statute, it seems evident that it does not give or purport to give a new right of action. It pro

vides only that the discharge of the executor or administrator shall not affect the right to bring any action on the bond. The right alluded to is clearly a right existing independently of the statute. In so far, therefore, as the claims made against the administratrix were considered and passed upon by the county court sitting as a court of probate, the judgment of that court, in the absence of fraud or mistake, must be considered as final and conclusive as that of any other court of competent jurisdiction. By this rule an executor or administrator is not liable when called upon to account a second time for the same matters, but if he would protect himself from future liability, he must be careful to see that his accounts presented to the court having jurisdiction of the administration of the estate embrace all his transactions had in such representative capacity.

Taking the items that enter into the judgment of the district court and the first item for $320 was properly allowed. As this money passed into the hands of the administratrix, and was never charged to or accounted for by her, the probate court never passed upon this item or had the same before it for consideration.

The item of $1,000 was also properly allowed, this being the value of certain stock of the assets of the estate turned over to Fred. Mayol, and for which stock the administratrix never accounted.

The third item of $233 was not accounted for by the administratrix, and was not passed upon by the probate court. This item was justly chargeable to the administratrix.

There was no error in the allowance of the fourth and last item. This money is traced to the hands of the administratrix, and in the order of distribution made by the county court under date of April 3, 1879, it was ordered to be paid to Mr. Hartsel, the guardian of plaintiff, for her use and benefit. The district court found that this order of distribution was never complied with in this particular, and hence gave judgment for the amount.

Interest was properly chargeable upon these items, as it

appears that the money was appropriated by the administratrix to her own use.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*