Hurlbut, J.
Action to quiet title, by appellee (plaintiff) against appellant (defendant).
Objection was made by appellant to the admission in evidence of the trustee’s deed which conveyed the disputed premises to plaintiff. He contends, that because of the fact that appellant and appellee deraigned title from different sources all prerequisites contained in the trust deed which authorized the trustee to f oreclose the same should have been shown by competent testimony prior to its introduction in evidence. As to this contention, we can only say that neither the trust deed nor the trustee’s deed is incorporated in the bill of exceptions, nor can either thereof be found in the record of this case. We have no knowledge.or information concerning *406 tlieir contents. For all that appears here, recitals therein may have rendered it unnecessary to show any of such matters by evidence aliunde. The record discloses a stipulation between the parties to the effect that they need not be copied in the bill of exceptions. Not having the deeds before us we do not feel justified in passing on the court’s action in admitting them in evidence, and will assume that they were properly admitted.
Appellant further insists that the court erred in refusing to admit in evidence the decree and court files of the county court of Yuma county, which purported to quiet title to the premises in one Muntzing. The determination of this question is decisive of this'appeal. Appellee insists that the court had no jurisdiction to render the decree, ~and that all proceedings in the case were wholly void, and ineffective to confer any title whatever in the prem-" ises on said Muntzing. The point on which appellee relies is that the complaint failed to state that the value of the property in controversy did not exceed the sum of $2,000. The constitution provides that the county court shall have no jurisdiction in any case where the debt, damage or claim, or value of property involved, shall exceed $2,000, except in cases relating to the settlement of estates of deceased persons. In harmony with this constitutional provision the legislature enacted sec. 1055, Mills ’ Annotated Statutes, which réads as follows:
“In order to give the said courts jurisdiction in any action, suit or proceeding, the complaint or complaints shall state that the value of the property in controversy or the amount involved for which relief is sought in such action, suit or proceeding, *407 does not exceed the said sum of two thousand (2,000) dollars,” etc.
Home et al. v. Duff et al., 5 Colo. 574, involved the title to mining property, the case having been tried in the county court. The supreme court reviewed the judgment on error and held that as the complaint failed to state that the value of the property in controversy did not exceed the sum of two thousand dollars the county court possessed no jurisdiction to hear the case and render judgment. To the same effect: Learned v. Tritch, 6 Colo., 432; Hughes v. Brewer, 7 Colo., 583.
It is clear from the statute and authorities cited that the jurisdiction of the county court depends on a statement which must appear in the complaint. If the action *be one to recover a money judgment, the complaint must state that the amount involved, for which relief is sought, does not exceed $2,000, unless it be otherwise shown therein that such is the fact. If the proceeding be a suit in equity, or an action at law affecting real or personal property, then the jurisdiction of the court to act in the premises must appear from a statement in'the complaint to the effect that the value of tlie property in controversy does not exceed the sum of $2,000. We must not” be understood as holding that the exact wording of the statute must be followed. If the statute be not followed in haec verba, then the substituted statement must be equivalent in meaning and effect.
In the case at bar the county court complaint offered in evidence in the court below failed to show that the value of the property in controversy did not exceed the sum of $2,000. This omission was *408 fatal to the decree of that court. The phrase found in the complaint, “that the amount herein involved and sued for does not equal nor exceed the sum of two thousand dollars,” was not a compliance with the statute. No money judgment was demanded. Whatever the amount' involved and sued for might have been, it was no indication of the value of the disputed premises. The jurisdictional statement in the complaint, and not the ad damnum clause, must be looked to to ascertain the court’s jurisdiction.
Appellee contends that while the law may be as above stated, the record shows that the objection to the admission of the county court decree and files was a collateral attack upon the same, and that, inasmuch as the county court has concurrent jurisdiction with the district court within its prescribed limitation, the law will presume the decree to be valid as against such attack. The case of Bateman v. Reitler, 19 Colo., 547, was one considered by the supreme court on error to the district court. It was a case which related to a collateral qttaek upon a judgment of the county court’of Jefferson county, which judgment involved real estate. Justice Hayt, speaking for the court, uses this language:
“If the court administering upon the estate had jurisdiction of the subject matter and of the parties, its orders and judgments are not open to attack in this proceeding.”
The absence of the above mentioned jurisdictional clause from the county court complaint showed on its face that that court had no jurisdiction of the action. The decree founded thereon could be collaterally attacked. Trowbridge v. Al *409 len, 48 Colo., 419; Empire Ranch & Cattle Co. v. Coldren (Colo.); 117 Pac., 1005.
Appellant in Ms original brief did not make the slightest allusion to the rulings of the court upon other alleged errors, and particularly to that excluding from evidence the tax deed offered by appellant in support of his case. Appellee, however, discussed ‘at length the rulings of the court in that behalf, to which appellant filed a reply brief, and again ignored the question. ~We have heretofore held that errors assigned but not discussed in the briefs will not be noticed. Hence we assume that the district court properly excluded the tax deed from evidence when offered.
In view of the conclusions above expressed the trial court did not err in excluding from evidence the decree and files of the county court of Yuma county.

Judgment Affirmed.