No. 15,296.

MYERS *v.* MYERS.
(135 P. [2d] 235)

Decided March 1, 1943.

Mr. ALLYN COLE, for plaintiff in error.

Mr. CARL W. FULGHUM, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

PLAINTIFF in error was defendant in a divorce action in the county court of Garfield county. He prosecutes a writ of error to reverse a judgment denying his petition to set aside the interlocutory decree entered in plaintiff's favor, and to permit him to answer the complaint. The parties are designated herein as plaintiff and defendant, as in the county court.

The controversy resulting in the action and judgment here challenged, arose out of the following situation:

Plaintiff filed her complaint in the county court, which was in regular form, save that it omitted the jurisdictional allegation as required by section 157, chapter 46, '35 C.S.A., and regularly served defendant with a copy of the complaint and summons in the action.

Defendant did not appear within the time allotted for him to plead and the cause came on for hearing as an uncontested case before the court. At this hearing, on the application of plaintiff, she was permitted to amend her complaint by supplying the lacking jurisdictional averment and, following the hearing, the court entered an interlocutory decree in regular form in her favor, awarding her the custody of a child fifteen months of age, and ordering defendant to pay support money for the child in the amount of fifteen dollars per month.

There was no prayer for alimony in the complaint and no allowance therefor was made in the interlocutory decree. Before the interlocutory decree became final, defendant moved to set aside the decree, setting up several minor grounds which in the light of our disposition of the cause it is not necessary to mention, relying principally upon the proposition that the amendment had been made without notice and without his having an opportunity to plead to the complaint as amended. With this motion he tendered an answer and cross complaint denying plaintiff's charges and setting up grounds of divorce against her.

Upon the hearing the court modified the decree in such manner that the minor objections heretofore referred to as made by defendant, were obviated, and in the order denying defendant's petition, it is set forth that application was made by plaintiff at the time of the hearing to amend the complaint by adding the jurisdictional averment and that such permission was granted. No record was made of such application and grant of permission, and it does not otherwise appear in the record before us than in the statement of the county judge in ruling on defendant's petition. We assume the factual

correctness of the manner in which the amendment was effected.

■ Section 157, chapter 46, '35 C.S.A., is as follows: "In order to give the said courts jurisdiction in any action, suit or proceeding, the complaint or complaints shall state that the value of the property in controversy or the amount involved, for which relief is sought in such action, suit or proceeding, does not exceed the said sum of two thousand (2,000) dollars. And in all actions for divorce the petition or bill of complaint shall aver that the plaintiff does not ask or seek alimony in excess of the said sum of two thousand (2,000) dollars."

A jurisdictional allegation in effect, as provided by the foregoing statute, is an essential prerequisite to the county court's exercising jurisdiction in such cases. *Barndollar et al. v. Patton,* 5 Colo. 46; *Learned v. Tritch et al.,* 6 Colo. 432; *Bloomer v. Jones,* 22 Colo. App. 404, 125 Pac. 541; *Hughes v. Brewer,* 7 Colo. 583, 4 Pac. 1115.

■ If such an averment is omitted that such defect may be corrected by amendment, was held in the case of *Southwestern Land Co. v. Hickory Jackson Ditch Co.,* 18 Colo. 489, 33 Pac. 275, and *Nelson v. Chittenden et al.,* 53 Colo. 30, 123 Pac. 656.

■ Section 3, chapter 56, '35 C.S.A., provides that where the statutes relating specifically to divorce are silent as to the procedure to be followed, the Code of Civil Procedure shall apply. Following this, counsel for both parties assume, and we think correctly, that since the Code of Civil Procedure has been superseded by the Rules of Civil Procedure, where the divorce statutes are silent as to any method of procedure the rules govern.

■ ■ Rule 15 (a) of the Colorado Rules of Civil Procedure provides that, "A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. * * * A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, which-

ever period may be the longer, unless the court otherwise orders." This rule is authority for plaintiff's making the amendment to supply the lack of the jurisdictional averment in her complaint. It assumes a service on the other party to the action, otherwise that portion of the rule providing that a responsive pleading shall be within ten days after service of the amended pleading would be meaningless.

Rule 5 b (1) provides the manner in which service shall be made. The record here does not disclose that any service of the amendment was made on defendant; in fact, assuming as we do the correctness of the judge's statement, it negatives any such service on defendant.

Rule 5 (a) provides that, "No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in rule 4."

The argument is made by plaintiff that since defendant was in default, no service of the amendment under this last-quoted rule was necessary. In this connection, it should be observed that section 9, chapter 56, '35 C.S.A., specifically provides that "No default for want of appearance shall be taken or allowed in any action for divorce, but if a defendant having been duly summoned shall fail to appear or plead within the time required by this article, then such case may be regularly set for trial, the same as though such appearance had been made and issue had been joined on such complaint."

From the language used in this section, we think it clear that it was not intended to prevent defendant from pleading to the complaint in a divorce action as a matter of right any time before the cause is set for trial. The fixing of the time for pleading in the summons simply serves the purpose of fixing a date after which plaintiff, if no pleading has been filed, may proceed with the trial of the cause. In the ordinary civil action, where

default is adjudged and entered, the defaulting party's right to plead further is terminated until the default is set aside. Under the theory of rule 5 (a), unless an amendment subsequent to default asserts an additional claim against defendant, it is no concern of his whether the amendment be or be not allowed, and hence there is no reason for his receiving notice of it, but up to the time of default in any case under rule 15 (a) defendant is entitled.to notice because he still has a right to plead, and since his right to plead in a divorce action continues after the date beyond which plaintiff can set the cause for trial, he is, in such an action, entitled to the notice required by rule 15 (a). The decree of the court being by statute interlocutory in every sense except in the sense that a writ of error might be sued out as from a final decree (section 13, chapter 56, '35 C.S.A.), it was within the control of the court at the time the petition was filed.

The motion to set aside the interlocutory decree should have been granted and plaintiff required to serve a copy of the amendment on defendant, and defendant then given ten days to plead if so advised before proceeding with a trial of the cause on its merits.

The judgment is reversed and the cause remanded with directions to set aside the interlocutory decree, further proceedings thereafter to be consistent with the views herein expressed.