No. 16,509.

MULVEY *v.* MULVEY.
(228 P. [2d] 452)

Decided February 26, 1951.

Messrs. BRYANT, PETRIE & WALDECK, for plaintiff in error.

Messrs. MOYNIHAN-HUGHES-SHERMAN, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ALTA MULVEY, on July 19, 1949, filed her complaint for divorce in the district court in and for the county of Ouray, Colorado, alleging: Marriage with the defendant, George H. Mulvey in Reno, Nevada on December 20, 1940; no children born as the issue of the marriage; that defendant has been guilty of extreme and repeated acts of mental and physical cruelty toward plaintiff; and that both parties for more than one year last past were residents of the town of Ouray, Ouray county, Colorado. Plaintiff, in her complaint, further details the property interests of both parties and prayer is made for property settlement. It further is alleged in the complaint that defendant became ill, and required hospitalization at Montrose; that on about April 3, 1949, defendant, desirous of going to Salt Lake City, Utah, the residence of some of his children by a former marriage, and where he could obtain better hospitalization, entered into written agreement with plaintiff concerning the use of an automobile for the trip, the title to which was in joint ownership. A copy of this agreement was attached to the complaint as Exhibit A, together with Exhibit B, being an escrow agreement concerning certain shares of mining stock.

Both exhibits, dated April 3, 1949, show defendant George H. Mulvey to be a resident of Ouray, Colorado. He went to Salt Lake City, where, on July 6, 1949, he filed an action for divorce in the district court of Salt Lake county, Utah. Summons therein was caused to be served on Alta Mulvey in Colorado, and she, through Utah counsel, entered special appearance by filing mo-

tion to dismiss on the ground that plaintiff, George H. Mulvey, was not a bona fide resident of the state of Utah, and a motion to quash the service of the summons on the ground that the court was without jurisdiction to entertain the action. Her motions were supported by four affidavits of Colorado citizens to the general effect that George H. Mulvey was in fact a resident of Colorado and had not gone to Utah for the purpose of establishing residence. Upon hearing, these motions were, on August 5, 1949, denied and the court of its own motion granted defendant Alta Mulvey twenty days in which to answer.

Alta Mulvey, on July 19, 1949, filed her complaint for divorce in the Colorado court as hereinbefore set out, and on that day caused summons, together with copy of the complaint, to be served on defendant George A. Mulvey, who had returned to Colorado and was in Telluride. On August 17, attorneys for defendant George H. Mulvey served counsel for plaintiff with a motion to dismiss the Colorado proceedings. On the next day, August 18, a praecipe for default was filed by mail in the district court and dated August 16. The clerk's entry of default was on August 18, and on the same day was filed the defendant's motion to dismiss, together with attached copies of the proceedings in the Utah court. Thereafter another motion was filed by Alta Mulvey's attorneys to strike defendant's motion to dismiss on the ground that George H. Mulvey had failed to plead within twenty days after service of the summons upon him, and further requested the court that she be given an ex parte hearing on the issues involved in the case.

A copy of the summons appears in the record, is in statutory form, and required defendant to file with the clerk an answer to the complaint within twenty days after service of the summons, and upon failure to appear and defend, after the expiration of thirty days from the filing of the complaint with the clerk of the court, trial may be had and judgment and decree may be entered

the same as though defendant were present; it was further stated in the summons that it was an action for divorce seeking alimony, attorneys' fees, restraining order, and other relief.

Since the specifications of points relied upon for reversal are directed to the action of the court in overruling defendant's motion to dismiss and the refusal to allow defendant time to answer, it is well to now note that this motion to dismiss on the part of George H. Mulvey was filed after default had been entered. On August 22, upon notice of hearing on the motion to strike the motion to dismiss, Mr. Bryant of the firm of Bryant, Petrie and Waldeck, attorneys for defendant George H. Mulvey, appeared and requested the court to continue the hearing until Mr. Waldeck, who had been handling the matter, could return and appear for the purpose of arguing the motion. The court, in consideration of Mr. Bryant stipulating that no proceedings would be taken in the case pending in Utah until the motions and matters now pending in the Colorado court had been determined, ordered the hearing continued until Mr. Waldeck could appear in court.

On September 7, the court, on further hearing of the motion, stated that:

"The continuance was granted by the court * * * continuing the hearing of all motions, which included the Motion to Strike on behalf of the plaintiff; the Motion to Dismiss on behalf of the defendant, and application of plaintiff for ex parte trial upon the issues involved, and other matters, be heard immediately.

* * *

"The time has elapsed for which the plaintiff must wait after service of summons for the entry of evidence to support the issues of divorce. As the Court understands the law it is true the defendant may at anytime introduce evidence for the purpose of showing that no divorce should be granted between the parties, but unless he makes an answer, a general appearance for that

purpose, there is no reason why the court should delay takeing [taking] the testimony on behalf of the plaintiff.

\* \* \*

"It is Therefore Ordered \* \* \* that unless counsel for the defendant, George H. Mulvey, desires to make a general appearance in this state and try the action of divorce involved, that Mrs. Mulvey be permitted to proceed with the introduction of her testimony on the issue of divorce including allowance of support money and attorneys fees.

\* \* \*

"And let the record further show this, that under the Utah procedure, as the court understands it, when this matter was first called for hearing in the Colorado case, that is, on the 22nd day of August, 1949, in the event the ruling now made by the Court had been made on that date the plaintiff here would have had several days to proceed and introduce her evidence; \* \* \* and the Court feels that in all fairness to Mrs. Mulvey she should be allowed to proceed immediately unless Mr. Mulvey decides to come into the State of Colorado for the purpose of defending the right of divorce between the parties, as well as determining the property rights between the parties.

"Normally the practice in this district is not to proceed on default but to give each party fair opportunity and chance to present their side of the case in evidence. The particular situation here is as to whether Mrs. Mulvey may have her rights determined at the place of her residence, and at least the place which for a long time past had been the place of residence of defendant George H. Mulvey, or whether she would have to take her chances on being able to produce evidence at Salt Lake City. And if Mr. Mulvey does not intend to make an appearance in Colorado for the purpose of going into the merits of the case there is no reason for the Court not proceeding. And while the Court does not like to take the attitude of requiring counsel making a decision im-

mediately, I think it only fair, as the Court understands the law, to require decision be made at this time.

* * *

"Mrs. Mulvey had the opportunity, if counsel had been available, to proceed in this matter on August 22nd before proceedings could have been taken in Utah. It was for the convenience of counsel for Mr. Mulvey that we are now in the present situation, and unless counsel agrees no proceedings will be taken in Utah today and advises the Court by noon today what his decision is then the Court will permit Mrs. Mulvey to proceed.

* * *

"The Court states it is his understanding counsel for George H. Mulvey stipulates in open Court that no proceeding of any kind or character would be taken in the Utah case until 24 hours has elapsed * * *. The purpose of the stipulation being to put Mrs. Mulvey in the same position as near as possible, as she would have been had this order been entered on the 22nd day of August, 1949 when the matters involved were first noticed for hearing."

Further and later orders and proceedings of September 7, 1949:

"It was stated by the Court previously today, it is the Court's opinion that Mrs. Mulvey is entitled to proceed in the Colorado Court."

"The Court wants to be as fair as possible under the circumstances, but I'm not going to delay Mrs. Mulvey introducing testimony for the purpose of establishing, if her testimony is sufficient, her right to the entry of an interlocutory decree of divorce under the Colorado Statutes."

"The Court will permit Mrs. Mulvey to proceed to introduce her evidence on the complaint. * * *."

The court then proceeded to hear plaintiff's testimony and entered its decree of interlocutory divorce, reserving jurisdiction to determine property rights and permanent alimony. On September 15, 1949, defendant's counsel

filed motion to set aside the interlocutory decree and grant a new trial and tendered therewith an answer. The grounds of the motion upon which they relied seemed to be that the court erred in refusing to allow defendant time to file an answer herein after the disposition of defendant's motion to dismiss the action, since his motion was filed prior to the setting of the cause for trial. The hearing on this motion was had on December 2, 1949 and on the 12th day of December, the court denied the motion and entered the following order:

"Now on this 2nd day of December, A. D. 1949 the above entitled cause coming on for hearing on the Motion of George H. Mulvey, one of the defendants herein, praying that the interlocutory decree of divorce heretofore entered, be set aside and new trial granted wherein defendant be allowed to answer and introduce evidence in his behalf. The defendant George H. Mulvey, being present by William G. Waldeck, his attorney, and the plaintiff, Alta Mulvey, by E. M. Sherman, her attorney, and the Court being advised in the premises:

"It is found this motion goes to the proposition contended for by defendant Mulvey at the time evidence was taken upon the interlocutory decree and the same was entered. The Court at that time stated that if the defendant Mulvey would agree to the dismissal of an action then pending in the District Court of Utah asking for divorce and other relief, in which the plaintiff herein, Alta Mulvey was defendant, and would agree to try the issues to the Court in the present proceeding, ample time would be given for him to prepare his defense in this proceeding. The real contention between the parties is' not as to whether a divorce should be entered, but whether the jurisdiction thereof was in Colorado or in Utah, or the third proposition that either state had jurisdiction. The Court recognizes, of course, that there would be different laws to apply in Utah than in Colorado, and that different results might be obtained depending upon the jurisdiction where the case was tried.

"The Court at that time held and now holds that under all the facts and circumstances in this case, plaintiff herein was entitled to have the issues determined in Colorado, both on the question of divorce and property settlement.

"The Court then recognized, and now recognizes, that Mr. Mulvey might within 6 months from the entry of the interlocutory decree, file such proceedings as he desired in this court for the purpose of testing the issue of divorce under our provision allowing either party to move to set aside an interlocutory decree. However, such procedure does not require the setting aside of the decree on Motion unless and until good cause therefor is established by evidence. The Court's understanding is that counsel in the present proceedings desires and urges that upon the basis of his Motion the interlocutory decree be set aside.

"The Court recognizes Mr. Mulvey has the right, if he sees fit, to make such showing as he desires concerning alimony and property rights, and has offered to hear the defendant upon these issues.

"It is Therefore Ordered, Adjudged and Decreed said Motion be, and the same hereby is, overruled. This ruling being made strictly upon the proposition the Court will not in the proceeding now pending; that is, his motion, set aside the interlocutory decree and then permit the defendant to answer. The result of such procedure would be to permit the defendant in the Utah proceedings to obtain a divorce decree which would take precedence over any decree rendered in Colorado. This is the thing that is contrary to the understanding of the Court as to what is required by law in this proceeding.

"The Court again offers to permit Mr. Mulvey to file such answer and make such showing as he desires on the issue that the interlocutory decree is not properly granted under the evidence, and to go fully into all questions of alimony and property rights.

"The defendant not desiring to proceed in this manner

it is Ordered that this Judgment be made final insofar as it can be at the present stage of the case.

"Dated at Montrose, Colorado this 2nd day of December, A. D. 1949.

"By the Court:

"Dan H. Hughes
Judge."

█ It is apparent that the trial court having unquestioned jurisdiction of the subject matter and the parties, was fully conscious of plaintiff's right to ex parte hearing on the issues after default had been entered against defendant and the record shows that time and again it offered defendant the opportunity and time to answer and defend the issues, provided defendant, in the meantime, took no further action in the Utah court. This the defendant appeared wholly reluctant to do. The trial court determined that the pendency of the Utah case between the parties was not a bar to the Colorado case before him. The authorities amply supported the trial court's determination, since it seems to be the well-settled law that only a decree of divorce in a foreign state constitutes a bar. The defendant stated that he did not want to lose any rights under the pending Utah case, and therefore the trial court properly acceded to plaintiff's request and demand for the ex parte hearing after default and granted the interlocutory decree with full rights, as made known to counsel for defendant, that upon proper showing within six months the interlocutory decree could be set aside.

The trial court further took into consideration the convenience of the parties whose property interests were all located within the immediate vicinity of the seat of trial in Colorado, and that both parties, especially the plaintiff, would be at great disadvantage to proceed to trial on the merits and the property questions in the Utah court.

█ Counsel for defendant, now plaintiff in error, apparently fail to distinguish between "default" and a

"judgment by default," and further seem to rely upon the proposition that defendant would not be in default if appearance was had within thirty days from the date of the summons. The requirement of the summons to plead within twenty days is clear. That defendant did not appear within that time is undisputed. The requirement was specific and certain.

The thirty-day period mentioned in the summons is no more nor less than a notice to the defendant that upon failure to appear and plead within the twenty-days' time that a trial might be had at any time after the expiration of the thirty-day statutory period after the filing of the complaint. This thirty-day provision does not relate in any manner to default, but is directly related to the matter of trial or hearing of all actions for divorce. Counsel seem to rely upon the cases of *Myers v. Myers,* 110 Colo. 412, 135 P. (2d) 235, and *Holman v. Holman,* 114 Colo. 437, 165 P. (2d) 1015, to support their contention that no default can be taken for want of appearance in any action for divorce. These cases are not applicable now, or to the case at bar, since the rulings therein were under the old statute, namely, section 9, chapter 56, '35 C.S.A., which provided, "No default for want of appearance shall be taken or allowed in any action for divorce." Section 5, chapter 117, S.L. 1945, expressly repeals section 9 and other sections of chapter 56; and the 1945 Act expressly provides that the process, the service thereof, and the practice and procedure in actions for divorce, separate maintenance and annulment, "shall be as may be now or at any time hereafter provided for by the Rules of Civil Procedure of the State of Colorado for civil actions."

 Finally, it is not contended that defendant was not in default as to pleading within the twenty-day requirement of the summons. The court afforded defendant every opportunity to show good faith in appearing and contesting the action, all within the proper protection of plaintiff's rights. Counsel for defendant, now

plaintiff in error, have not availed themselves of the right to file a reply brief in answer to defendant in error's contentions. We see no cause to disturb the judgment of the trial court which is convincingly correct both as to the merits and the law. The judgment is affirmed.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE HAYS concur.