**Cleotilde Lucero ARCHULETA, Appellant,**

v.

**Joe Eddie ARCHULETA, Appellee.**

**No. 8799.**

District of Columbia Court of Appeals.

Argued Aug. 19, 1975.

Decided Oct. 7, 1975.

**158**

Robert H. Reiter, Washington, D. C., for appellant.

Vincent Nappo, Washington, D. C., for appellee.

Robert H. Reiter, Washington, D. C., for appellant.

Vincent Nappo, Washington, D. C., for appellee.

Before KERN, Associate Judge, HOOD, Chief Judge, Retired, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellee husband was granted a divorce on the ground of voluntary separation for one year,[1] and was ordered to pay appellant wife alimony and child support. She has appealed and raises basically two points.

Appellant first argues that because she had brought an earlier action for divorce in Maryland, the trial court, as a matter of comity, should have stayed this action and allowed the Maryland action to proceed to judgment. The pendency of the divorce action in Maryland was no bar to the District of Columbia action, and the stay of the local action as a matter of comity was discretionary.[2] In view of evidence that the wife had not diligently prosecuted her action in Maryland, we find no abuse of discretion.

Appellant also argues that the evidence did not support a finding of a year's voluntary separation. The evidence was conflicting but there was evidence which, if accepted by the trial court as evidently it was, warranted a finding of voluntary separation for the required period.

Appellant's attorney asks that he be awarded a fee for his representation of appellant in this court. As he was awarded a substantial fee for his services in the trial court and appellee appears to be of limited means, we award a modest fee of $200.

*Judgment affirmed with an award of attorney's fee.*

1. D.C.Code 1973, § 16–904(a).

2. *Lauterbach v. Lauterbach*, 392 P.2d 24 (Alaska 1964) ; *Estes v. Masner*, 244 Ark. 797, 427 S.W.2d 161 (1968) ; *Mulvey v. Mulvey*, 123 Colo. 320, 228 P.2d 452 (1951) ; *Cox v. Cox*, 234 Miss. 885, 108 So.2d 422 (1959) ; *Wilburn v. Wilburn*, 260 N.C. 208, 132 S.E.2d 332 (1963) ; *Marcus v. Marcus*, 3 Wash.App. 370, 475 P.2d 571 (1970).