In re the **MARRIAGE OF Sharon Ruth QUAY, Appellee,**

and

**Fred W. Quay, Appellant.**

**No. 81CA0632.**

Colorado Court of Appeals, Div. III.

May 27, 1982.

do, and in December of 1980, during the pendency of husband's appeal of the Master's report in Pennsylvania, filed a petition here seeking dissolution of the marriage. The petition asked only that the marriage be dissolved, and did not seek any further relief. Husband replied, challenging the Colorado court's jurisdiction over the matter in light of the pending action in Pennsylvania. The Colorado court accepted jurisdiction, and husband filed his answer to the petition and requested that the court divide the marital property. The trial court entered a decree of dissolution, but refused to divide the marital property citing as its reason that it lacked personal jurisdiction over husband.

## I.

Husband first asserts that the trial court erred in finding it had jurisdiction to hear the matter when wife had already started another divorce action in Pennsylvania. We disagree.

■ Only a final decree of divorce in a foreign state constitutes a bar to a divorce action in Colorado. *Mulvey v. Mulvey*, 123 Colo. 320, 228 P.2d 452 (1951). As the Pennsylvania action had not been concluded and no final decree had been issued, we find no error in the trial court's exercise of jurisdiction.

## II.

Husband's second assignment of error asserts that having accepted jurisdiction to dissolve the marriage, the trial court erred in refusing to divide the marital property. We agree.

■ When husband acceded to the jurisdiction of the Colorado court by filing an answer and a request for relief on his own behalf, he thereby waived the court's lack of in personam jurisdiction and submitted himself to the jurisdiction of the trial court. *See Clinic Masters, Inc. v. District Court*, 192 Colo. 120, 556 P.2d 473 (1976); *Nations*

Bayer, Carey & McGee, P. C., Jennifer I. Holt, Denver, for appellee.

Berenbaum & Berenbaum, Edwin G. Perlmutter, Denver, for appellant.

SMITH, Judge.

Fred W. Quay (husband) appeals the trial court's finding that it had jurisdiction of a dissolution of marriage action brought by Sharon Ruth Quay (wife). In addition, husband asserts as error the trial court's refusal to divide the marital property because it lacked personal jurisdiction over him. We affirm in part and reverse in part.

In April of 1979, wife filed for divorce in the Court of Common Pleas of Delaware County, Pennsylvania. The Pennsylvania court presided over the divorce action and a Master's Report was entering recommending that wife be granted a divorce. Husband objected to the Master's factual findings on the merits. Wife moved to Colora-

*Enterprises, Inc. v. Process Equipment Inc.,* 40 Colo.App. 390, 579 P.2d 655 (1978).

Thus, having the necessary jurisdiction, over not only the subject matter but the persons as well, the trial court was required to divide the marital property in accordance with § 14–10–113, C.R.S.1973 (1981 Cum. Supp.).

The judgment is affirmed as to the entry of the decree of dissolution, and the trial court's order declining to divide the property of the parties is reversed and the cause is remanded with directions to the trial court to value the parties' property as of the date of the decree of dissolution, and to enter an appropriate order for its division.

KELLY and KIRSHBAUM, JJ., concur.