Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us. Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 6, 2024

**2024 CO 24**

**No. 23SA167, *In re the Marriage of Green*—Jurisdiction—General Personal Jurisdiction—Dissolution of Marriage—Domicile.**

In this original proceeding, the supreme court holds that for a Colorado court to exert general personal jurisdiction over an individual, the individual must be domiciled in the state. Because the petitioner in this dissolution of marriage case is not domiciled in Colorado, the court concludes that he is not subject to general personal jurisdiction here. Accordingly, the court makes the rule to show cause absolute.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

## 2024 CO 24

**Supreme Court Case No. 23SA167**
*Original Proceeding Pursuant to C.A.R. 21*
District Court, City and County of Denver, Case No. 22DR30403
Honorable Christine C. Antoun, Judge

**In re the Marriage of**

**Petitioner:**

Barbara Henderson Green,

and

**Respondent:**

Jeffry Howard Green.

**Rule Made Absolute**
*en banc*
May 6, 2024

**Attorneys for Barbara Henderson Green:**
Epstein Patierno, LLP
Steven B. Epstein
 *Denver, Colorado*

Fox Rothschild LLP
Marsha M. Piccone
Risa B. Brown
 *Denver, Colorado*

**Attorneys for Jeffry Howard Green:**

Stahly Mehrtens LLC
Todd A. Stahly
J.P. Prentiss
  *Denver, Colorado*

**CHIEF JUSTICE BOATRIGHT** delivered the Opinion of the Court, in which **JUSTICE MÁRQUEZ**, **JUSTICE HOOD**, **JUSTICE GABRIEL, JUSTICE HART, JUSTICE SAMOUR,** and **JUSTICE BERKENKOTTER** joined.

CHIEF JUSTICE BOATRIGHT delivered the Opinion of the Court.

¶1    In this dissolution of marriage case, Jeffry Howard Green appeals the trial court's ruling that he is subject to general personal jurisdiction in Colorado. We hold that for a court to exercise general personal jurisdiction over an individual, the individual must be domiciled within the state. Because Mr. Green is not domiciled in Colorado, he is not subject to general personal jurisdiction here.[1] Therefore, we make our rule to show cause absolute and remand for further proceedings consistent with this opinion.

## I.    Facts and Procedural History

¶2    In 1982, Barbara and Jeffry Green were married in Connecticut. They had three children and resided together in Nebraska for more than half of their forty-year marriage. In 2018, Mrs. Green moved to Colorado to assist their youngest daughter during her pregnancy while Mr. Green continued to reside in Nebraska. To support this endeavor, the Greens purchased two houses in Denver—one for themselves ("House A"), and one for their daughter and her husband ("House B"). From Nebraska, Mr. Green financially supported Mrs. Green. After the Greens bought House B, they added their daughter and her husband to the title in exchange for a portion of the list price. However, Mr. Green

---

[1] The trial court determined that it did not have specific jurisdiction over Mr. Green; we don't address that issue.

continued to list House B as an asset on his personal financial statements. The Greens also own a third house in the Denver area ("House C"), purchased in 2015, which has served as an investment property and an occasional home for their children.

¶3 In 2021, Mr. Green took out a loan that was secured by a mortgage on House A. On the loan application, Mr. Green stated that his home in Nebraska was his former residence and that House A was his primary residence. Mr. Green also indicated on the loan application that he was self-employed and listed House A as his address of employment. Despite these representations, Mr. Green continued to reside in Nebraska and never moved to Colorado.

¶4 Between 2018 and 2022, Mr. Green occasionally visited Colorado to see his family and to attend to other matters, though he had no substantial business interests here beyond the three real estate holdings. The handful of times he was in Colorado during 2018 and 2019, Mr. Green stayed with Mrs. Green at House A. Beginning in 2020, Mr. Green stayed with his youngest daughter and her family at House B when visiting.

¶5 On April 25, 2022, both Mr. and Mrs. Green filed for divorce, albeit in separate jurisdictions—Mrs. Green in Colorado, and Mr. Green in Nebraska. Mr. Green moved to dismiss the Colorado case for lack of personal jurisdiction,

4

arguing that he is not "at home" in Colorado. The Nebraska court stayed its proceeding pending the Colorado court's resolution of the jurisdictional challenge.

¶6 After a hearing on the merits of the jurisdictional challenge, the Colorado trial court found that Mr. Green "engages in the requisite minimum contacts" to be subject to general personal jurisdiction here.[2] Specifically, the trial court's decision relied heavily on Mr. Green's assertion that House A was his primary residence when he applied for a loan to acquire property in the state, a representation he made to secure more favorable terms. The court concluded that Mr. Green's continuing financial obligations in Colorado meant that he could reasonably anticipate being haled into court here, and thus it denied his motion to dismiss.

¶7 Mr. Green petitioned us to exercise our original jurisdiction under C.A.R. 21, and we issued a rule to show cause why the trial court didn't err in denying his motion to dismiss. Furthermore, we directed the parties to address:

> [H]ow the question of personal jurisdiction is to be determined in a dissolution of marriage proceeding when the parties are domiciled in different states, such that each party could potentially argue a lack of general personal jurisdiction if the proceeding is filed in the state in which the other party is domiciled.

---

[2] The trial court found that it lacked *specific* jurisdiction over Mr. Green because the litigation did not arise out of his forum-related contacts.

## II. Original Jurisdiction

¶8     The exercise of our original jurisdiction under C.A.R. 21 is an extraordinary remedy limited "both in its purpose and availability" and rests within our sole discretion. *People v. Tafoya*, 2019 CO 13, ¶ 13, 434 P.3d 1193, 1195. We generally exercise our jurisdiction when an appellate remedy would be inadequate, a party would suffer irreparable harm, or the petition raises issues of first impression that are of significant public importance. *People v. Kilgore*, 2020 CO 6, ¶ 8, 455 P.3d 746, 748; *Magill v. Ford Motor Co.*, 2016 CO 57, ¶ 9, 379 P.3d 1033, 1036. We may elect to hear challenges to the exercise of personal jurisdiction over out-of-state parties because they "raise[] the question [of] whether it is unfair to force such a party to defend here at all." *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002).

¶9     We exercise jurisdiction here for two reasons. First, this case presents an important and novel question concerning how the concept of general personal jurisdiction applies to individuals in Colorado. Our ruling in *Magill* clarified the scope of general personal jurisdiction over nonresident *corporate* defendants, but we have yet to face a similar question regarding individuals.

¶10     Second, this case presents an important question regarding where personal jurisdiction applies when divorcing parties are domiciled in different states. No

relevant Colorado or Supreme Court case directly addresses this particular issue. As such, we find it necessary to provide guidance.

## III. Analysis

¶11    First, we set forth the relevant standard of review. Then, we take a detailed look at the law of general personal jurisdiction as it applies to both corporations and individuals. Finally, we conclude that the trial court lacks general personal jurisdiction over Mr. Green because he is not domiciled in Colorado.

## A.  Standard of Review

¶12    Whether a court may exercise general personal jurisdiction over a nonresident defendant is a question of law, which we review de novo. *Magill*, ¶ 11, 379 P.3d at 1036. We also review de novo whether Mrs. Green established the prima facie case necessary to show jurisdiction and defeat Mr. Green's C.R.C.P. 12(b)(2) motion. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1192 (Colo. 2005).

## B.  General Personal Jurisdiction

¶13    Colorado's long-arm statute confers "the maximum jurisdiction permitted by the due process clause of the United States and Colorado constitutions." *Archangel*, 123 P.3d at 1193 (citing *Keefe*, 40 P.3d at 1270); *see also* § 13-1-124, C.R.S. (2023). Accordingly, to determine whether Colorado has jurisdiction over a

nonresident defendant, courts engage in a constitutional due process analysis. *Magill*, ¶ 14, 379 P.3d at 1037.

¶14    To determine whether an exercise of jurisdiction is consistent with due process, courts apply the "minimum contacts" test set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). *Shaffer v. Heitner*, 433 U.S. 186, 207 (1977). States may exercise personal jurisdiction if nonresident defendants have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "The quantity and nature of the minimum contacts required depends on whether the plaintiff alleges specific or general jurisdiction." *Archangel*, 123 P.3d at 1194.

¶15    As noted earlier, this case solely concerns the exercise of general personal jurisdiction over an individual. General personal jurisdiction, often referred to as "all-purpose" jurisdiction, allows a court to exercise jurisdiction over a defendant for any claim or cause of action arising from any of a defendant's activities, even if they didn't occur in the forum state. *Magill*, ¶ 16, 379 P.3d at 1037. However, "only a limited set of affiliations with a forum will render a defendant amenable

8

to all-purpose jurisdiction" in a particular forum. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).[3]

¶16  We have held that a state may exercise general personal jurisdiction over a nonresident *corporate* defendant where the corporation is "at home." *Magill*, ¶ 22, 379 P.3d at 1039; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (holding that the paradigmatic forum for corporate defendants is where the corporation is "fairly regarded as at home"). This interpretation guarantees that there is at least one forum to file any suit against a corporation. *Magill*, ¶ 16, 379 P.3d at 1037. In addition, states may exercise general personal jurisdiction over nonresident corporations which have contacts that are so "'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear*, 564 U.S. at 919. However, this standard is applied strictly, and a nonresident corporate defendant's contacts rarely justify the exercise of general jurisdiction. *Daimler*, 571 U.S. at 132–33; *Magill*, ¶ 17, 379 P.3d at 1037.

¶17  Unique here, the case before us concerns the exercise of general personal jurisdiction over an *individual*. We have never directly addressed this particular question, but the Supreme Court has suggested that the inquiry for general

---

[3] This is a distinct inquiry from that of specific jurisdiction, which applies when the suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

personal jurisdiction over an individual begins and ends with domicile. *Goodyear*, 564 U.S. at 924 (noting that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile").[4]

¶18 Mrs. Green argues that the correct test for the exercise of general personal jurisdiction should center on what she deems a "due process analysis." Mrs. Green characterizes this analysis as requiring a court to determine if a party has established the requisite minimum contacts with a forum such that they could anticipate being haled into court there. True enough, but she doesn't indicate *how* a court should make this determination; instead, she simply repeats the overarching due process test. Thus, Mrs. Green argues that Colorado courts have personal jurisdiction over Mr. Green without detailing exactly how that jurisdiction attaches. We are not persuaded.

¶19 Instead, we hold that for a court to exercise general personal jurisdiction over an individual, the individual must be domiciled within the state. We decline to apply the *Magill* framework for corporations to individuals, preferring to keep

---

[4] This idea evolved from *Burnham v. Superior Court of California*, 495 U.S. 604, 610 n.1 (1990), when the Court first proposed that the rule permitting the exercise of jurisdiction over nonresident defendants by virtue of their continuous and systematic contacts with the forum was likely only applicable to corporations. *See id.* ("It may be that whatever special rule exists permitting 'continuous and systematic' contacts . . . to support jurisdiction . . . applies *only* to corporations . . . .").

them on separate jurisdictional playing fields. At its core, general personal jurisdiction is predicated on a direct relationship between the defendant and the forum. And at a basic level, domicile creates a symbiotic relationship between citizens and states, wherein citizens are afforded benefits and protections in exchange for a state's exercise of judicial and regulatory authority. *See Milliken*, 311 U.S. at 463–64 (reviewing the relationship that domicile creates between citizens and states). Domicile is thus a unique affiliation with a forum that inherently creates a fundamental basis for jurisdiction. And because domicile is both direct and easily ascertainable, using it as a jurisdictional touchstone provides clarity for litigants, empowers courts to compel appearances and enforce judgments, and strengthens the reciprocal relationship between citizens and states. *See* Lea Brilmayer et al., *A General Look at General Jurisdiction*, 66 Tex. L. Rev. 721, 728–33 (1988) (discussing domicile as the strongest basis for general personal jurisdiction over individuals). Consequently, for a Colorado court to exert general personal jurisdiction over an individual, the individual must be domiciled here, full stop.

¶20 Applying our holding to this case, we conclude that the trial court lacks general personal jurisdiction over Mr. Green because he isn't domiciled here. In Colorado, domicile is the place one actually resides and intends to remain permanently or for an indefinite amount of time. *See In re Marriage of Akins*,

11

932 P.2d 863, 868 (Colo. App. 1997). Once established in one place, a person remains domiciled there until they clearly show intent to establish domicile elsewhere. *Lyons v. Egan*, 132 P.2d 794, 798 (Colo. 1942). In this case, both parties agree that Mr. Green has remained a Nebraska resident and has never resided in Colorado. Even though Mr. Green owns several houses in the state, real estate ownership doesn't automatically equate to domicile, so financial obligations related to Houses A, B, and C do not mean that Mr. Green is domiciled here. And while we certainly do not condone Mr. Green's misrepresentation of his domicile to secure a favorable loan, this act alone does not make him a resident of the state of Colorado. Accordingly, Mr. Green is not domiciled here, and thus is not subject to general personal jurisdiction in Colorado.

¶21 In our rule to show cause, we asked the parties to address how general personal jurisdiction is to be determined where parties seeking dissolution of a marriage are domiciled in different states. We recognize that in such a scenario, our holding could preclude *both* courts from exercising general personal jurisdiction over the respective non-domiciled party (assuming both fora use the domicile rule). In our review, we found no straightforward answer to this important question. However, this does not leave litigants without recourse.

¶22 There are four ways for a court to exercise personal jurisdiction over parties: (1) general jurisdiction; (2) specific jurisdiction; (3) when service of process occurs

12

within the boundaries of the forum state (often called "tag" jurisdiction); and (4) when a party consents to the jurisdiction of the court. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 128–40 (2023) (discussing the various personal jurisdiction avenues available to courts). If general jurisdiction is not available, courts may still be able to hear a dissolution of marriage proceeding through other jurisdictional tools.[5]

## IV. Conclusion

¶23     For a court to exercise general personal jurisdiction over an individual, the individual must be domiciled within the state. In this case, Mr. Green is not domiciled in Colorado, so he is not subject to general personal jurisdiction here. For the foregoing reasons, we make the rule to show cause absolute and remand for further proceedings consistent with this opinion.

---

[5] In rem jurisdiction—including in marital res—is not at issue here, and we decline to address it. *See In re Marriage of Lohman*, 2015 COA 134, ¶ 29 n.7, 361 P.3d 1110, 1116 n.7 (discussing the different "jurisdictional requirements for the entry of a decree of divorce (or dissolution of marriage under Colorado law) [versus jurisdictional requirements for] the entry of financial orders associated with the marriage").