1
 2026 CO 54 In Re Arrowhead Colorado Metropolitan District, a quasi-municipal corporation and political subdivision of the State of Colorado, Petitioner v. Roxborough Park Foundation, a Colorado nonprofit corporation; City and County of Denver, acting through its Board of Water Commissioners, a Colorado home rule municipality; Public Service Company of Colorado, a Colorado Corporation; Red Rocks Cablevision Limited Partnership, a Colorado limited partnership; Roxborough Water and Sanitation District, a quasi-municipal corporation and political subdivision of the State of Colorado; Bradley J. Phillips, an individual; Tisha K. Fujii, an individual; Polly P. Lawrence, an individual; Roye Varghese, an individual; Tinsy Elizabeth Varghese, an individual; Stanley R. Brown Trust; Marilynn M. Brown Trust; Carpenter Trail LLC, a Colorado limited liability company; Eagles Nest Owners Association Inc., a Colorado nonprofit corporation; Denver Vista LLC, a Colorado limited liability company; The Board of County Commissioners of the County of Douglas, Colorado, a political subdivision of the State of Colorado; Core Electric Cooperative, a Colorado Cooperative Association, formerly known as Intermountain Rural Electric Association; West Metro Fire Protection District, a quasi-municipal corporation and political subdivision of the State of Colorado; Naul Hahn Manthe, an individual; Tanna Rae Manthe, an individual; and David Gill, in his official capacity as the Treasurer of Douglas County. Respondents No. 26SA15Supreme Court of Colorado, En BancJune 23, 2026
          
 Original Proceeding Pursuant to C.A.R. 21 Douglas County
 District Court Case No. 25CV31109 Honorable Ben Leutwyler,
 Judge
 
 
          
 Attorneys for Petitioner: Alderman Bernstein LLC Carrie S.
 Bernstein Amanda A. Bradley Joshua T. Mangiagli Denver,
 Colorado
 
 
          
 Attorneys for Respondent Roxborough Park Foundation:
 Montgomery Little &Soran, P.C. Steven Nagy Alyson Evett
 Sherri Giger Greenwood Village, Colorado
 
 2
 
           No
 appearance on behalf of: City and County of Denver, acting
 through its Board of Water Commissioners; Public Service
 Company of Colorado; Red Rocks Cablevision Limited
 Partnership; Roxborough Water and Sanitation District, a
 quasi-municipal corporation and political subdivision of the
 State of Colorado; Bradley J. Phillips; Tisha K. Fujii; Polly
 P. Lawrence; Roye Varghese; Tinsy Elizabeth Varghese; Stanley
 R. Brown Trust; Marilynn M. Brown Trust; Carpenter Trail LLC;
 Eagles Nest Owners Association Inc.; Denver Vista LLC; Board
 of County Commissioners of the County of Douglas, Colorado;
 Core Electric Cooperative; West Metro Fire Protection
 District; Naul Hahn Manthe; Tanna Rae Manthe, and David Gill.
 
 3
 
 
           BLANCO
 JUSTICE
 
 4
 
          ¶1
 This case involves a discovery dispute between a community
 association, Roxborough Park Foundation ("the
 Foundation"), and a quasi-municipal corporation and
 political subdivision, Arrowhead Colorado Metropolitan
 District ("Arrowhead"). Arrowhead seeks to exercise
 the power of eminent domain to condemn easements over two of
 the Foundation's private roads.
 
 
          ¶2
 Before the trial court's hearing on whether Arrowhead
 could take immediate possession of the roads, the Foundation
 moved for expedited prehearing discovery, which Arrowhead
 opposed. The trial court denied the motion, concluding that
 neither the eminent domain statutes nor the Colorado Rules of
 Civil Procedure (the "Rules") allowed for
 prehearing discovery. Because we conclude that C.R.C.P.
 26(d), C.R.C.P. 26(b)(2), and C.R.C.P. 16(b)(1) grant trial
 courts discretion to order prehearing discovery, including in
 condemnation proceedings, we make the order to show cause
 absolute and remand the case to the trial court to exercise
 its discretion and rule on the Foundation's discovery
 motion.
 
 
          I.
 Facts and Procedural History
 
 
          ¶3
 This case arises from the proposed condemnation of easements
 around a plot of land located in Roxborough Park, Douglas
 County, known as the "Homestead Parcel." The
 Foundation owns the land, roads, and pathways around
 
 5
 
 the Homestead Parcel, while Arrowhead's related entity,
 Arrowhead Colorado Propco, LLC, owns the Homestead Parcel.
 For that reason, Arrowhead sought easements across the
 Foundation's land and filed a petition in condemnation.
 Further, in line with Colorado's eminent domain statutory
 scheme, Arrowhead asserted that it was entitled to immediate
 possession of this property, specifically under section
 38-1-105(6)(a), C.R.S. (2025). An immediate possession
 hearing was expedited and set for January 30, 2026. On
 November 18, 2025, the Foundation moved the trial court for
 limited and expedited discovery, asserting that such
 discovery was essential to its preparation for the January
 hearing.
 
 
          ¶4
 The trial court denied the motion, concluding that neither
 sections 38-1-101 to -122, C.R.S. (2025), nor the Rules
 allowed for prepossession discovery. Arrowhead Colo.
 Metro. Dist. v. Roxborough Park Found., No. 25CV31109,
 at 2, (Dist. Ct., Douglas Cnty., Dec. 22, 2025) (unpublished
 order). First, it concluded that sections 38-1-101 to -122
 make no provision for discovery; therefore, the Rules
 control. Id. Next, the court noted that the Rules
 permit discovery only after a case management order is
 served, which in turn requires a case to be "at
 issue." See C.R.C.P. 26(d), 16(b)(1). The court
 then interpreted Rule 16(b)(1) to mean that trial courts may
 deem a case "at issue" only once all necessary
 pleadings had been filed. Arrowhead, at 2. The court
 concluded that because condemnation proceedings do
 
 6
 
 not require responsive pleadings, such a case can never be
 "at issue," and therefore, discovery is not
 permitted. Id.
 
 
          ¶5
 The Foundation sought relief under C.A.R. 21, asserting that
 it was entitled to prehearing discovery. We issued an order
 to show cause.[1]
 
 
          II.
 Analysis
 
 
          ¶6
 We start by explaining our decision to exercise our original
 jurisdiction and then discuss the applicable standard of
 review. Next, we examine the plain language of the Rules
 before applying them to this case.
 
 
          A.
 Original Jurisdiction
 
 
          ¶7
 Relief under C.A.R. 21 is an extraordinary remedy, and the
 decision to exercise original jurisdiction rests solely in
 our discretion. C.A.R. 21(a)(2); In re Marriage of
 Green, 2024 CO 24, ¶ 8, 547 P.3d 1095, 1097. We
 have previously held that we may exercise our original
 jurisdiction by granting a C.A.R. 21 petition to "review
 a trial court's pretrial orders when an appellate remedy
 would be inadequate." People v. Sotade, 2025 CO
 38, ¶ 11, 570 P.3d 491, 494. This rule applies here.
 Although this pretrial discovery order is appealable through
 the ordinary appellate process, the order would not be
 curable through the ordinary appellate
 
 7
 
 process. Without review at this stage, Arrowhead could take
 immediate possession of the Homestead Parcel and potentially
 damage the property before any appeal process could even
 begin. See Direct Sales Tire Co. v. Dist. Ct., 686
 P.2d 1316, 1318 (Colo. 1984) (exercising our C.A.R. 21
 original jurisdiction over a pretrial discovery order because
 it "may cause unwarranted damage to a litigant that
 cannot be cured on appeal").
 
 
          B.
 Standard of Review
 
 
          ¶8
 We generally review a trial court's discovery order for
 an abuse of discretion. Trenshaw v. Jennings, 2025
 CO 23, ¶ 24, 568 P.3d 413, 421. However, in the case at
 hand, we address a trial court's interpretation of a
 statute and the Rules, which presents a legal question that
 we review de novo. Miller v. Amos, 2024 CO 11,
 ¶ 11, 543 P.3d 393, 396.
 
 
          ¶9
 In interpreting the Rules, we use the same canons that guide
 our interpretation of statutes. People v. Bueno,
 2018 CO 4, ¶ 18, 409 P.3d 320, 325. When doing so, we
 look to "the plain meaning of the language used,
 considered within the context of the statute as a
 whole." Bly v. Story, 241 P.3d 529, 533 (Colo.
 2010). If the language is clear, then there is no need to
 resort to other rules of statutory construction and we will
 apply the text as written. People in Int. of B.C.B.,
 2025 CO 28, ¶ 26, 569 P.3d 74, 79. Additionally, we
 avoid constructions and interpretations that would render any
 statutory words or phrases superfluous or that would lead
 
 8
 
 to illogical or absurd results. N. Integrated Supply
 Project Water Activity Enter. v. VIMA Partners, LLC,
 2026 CO 29, ¶ 10, 588 P.3d 727, 731. Accordingly, we
 will neither add words to nor subtract words from a rule or
 statute. Byers Peak Props., LLC v. Byers Peak Land &
 Cattle, LLC, 2026 CO 7, ¶ 25, 583 P.3d 97,
 103.
 
 
          C.
 Prehearing Discovery
 
 
          ¶10
 In this case, the trial court concluded that it lacked
 authority to grant the Foundation's motion for expedited
 discovery under either sections 38-1-101 to -122 or the
 Rules. Arrowhead, at 2. We agree regarding the
 statutory sections but disagree regarding the Rules.
 
 
          ¶11
 First, we agree with the trial court that sections 38-1-101
 to -122 make no explicit provision for discovery. This does
 not, however, indicate that the legislature intended to
 either eliminate or confer any particular rights regarding
 discovery in condemnation actions. See Turbyne v.
 People, 151 P.3d 563, 568 (Colo. 2007) (explaining that
 when a statute is silent on a subject, we may not infer the
 legislature's meaning). Rather, it simply means that
 these sections are not determinative of the discovery issue
 here.
 
 
          ¶12
 Additionally, section 38-1-121(3), C.R.S. (2025), indicates
 that the legislature did not intend for parties in
 condemnation proceedings to be divested of otherwise
 available discovery rights. Section 38-1-121(3) states that
 "[n]othing in this section shall be construed as in any
 way . . . limiting the discovery rights of parties to
 
 9
 
 eminent domain proceedings." In this context,
 "eminent domain proceedings" are not confined to
 any single type of hearing or trial (such as a valuation
 trial) but rather encompass all hearings that form the
 eminent domain process. See Town of Telluride v. Lot
 Thirty-Four Venture, L.L.C., 3 P.3d 30, 35 (Colo. 2000)
 (stating that "[i]n assessing the plain language, the
 court should not read a statute to create an exception that
 the plain language does not suggest, warrant, or
 mandate"). Thus, the statute suggests that discovery
 rights extend to condemnation proceedings as well.
 
 
          ¶13
 Although section 38-1-121(3) suggests that discovery rights
 apply to condemnation hearings, it does not directly address
 a trial court's authority to order discovery.
 Accordingly, we turn to the Rules. See C.R.C.P.
 1(a); see, e.g., Myers v. Myers, 135 P.2d
 235, 236 (Colo. 1943) (reasoning that, in the divorce
 context, the Rules govern because the relevant statute was
 silent on the necessary procedure).
 
 
          ¶14
 We hold that the Rules empower the trial court with
 discretion to order discovery in condemnation proceedings.
 Rule 26(d), Rule 26(b)(2), and Rule 16(b)(1) each grant trial
 courts discretion to authorize discovery in condemnation
 proceedings.
 
 
          ¶15
 At the outset of its analysis, the trial court noted that
 Rule 26(d) provides that "a party may not seek discovery
 from any source before the service of the Case
 
 10
 
 Management Order pursuant to C.R.C.P. 16(b)."
 Arrowhead, at 2. For this reason, the trial court
 turned to Rule 16(b)(1). Id. But this reading
 overlooks the Rule's crucial introductory language. Rule
 26(d) begins by stating: "Except when authorized
 by these Rules, by order, or by agreement of
 the parties...." C.R.C.P. 26(d) (emphases added). Under
 the plain language of the rule, a trial court may order
 discovery before a case management order has been served. Had
 the court found the Foundation's motion for prehearing
 discovery persuasive, it could have authorized discovery
 based on Rule 26(d) alone.
 
 
          ¶16
 Rule 26(b)(2) likewise vests the trial court with discretion
 to order discovery in a condemnation proceeding. Generally,
 Rule 26(b) "defines the permissible scope of discovery
 in any given case." DCP Midstream, LP v. Anadarko
 Petroleum Corp., 2013 CO 36, ¶ 5, 303 P.3d 1187,
 1190. Black's Law Dictionary defines the "scope of
 discovery" as "[t]he limits within which a court
 allows litigants to employ pretrial procedures aimed at
 finding or ascertaining information relevant to the
 litigation." Scope of Discovery, Black's
 Law Dictionary (12th ed. 2024). Rule 26(b)(2), in particular,
 grants trial courts discretion to limit discovery orders for
 "good cause shown." C.R.C.P. 26(b)(2).
 
 
          ¶17
 Applying these Rules and definitions, a trial court may limit
 or otherwise manage the parties' participation in
 pretrial discovery based on its own finding of good cause.
 Good cause is determined by any of the four factors set out
 in C.R.C.P.
 
 11
 
 26(b)(2)(F) or by any other factors a court may consider
 pertinent given the needs of the case. See DCP
 Midstream, ¶ 9, 303 P.3d at 1191; see also In
 re Marriage of Gromicko, 2017 CO 1, ¶ 30, 387 P.3d
 58, 63. Therefore, in condemnation proceedings, a trial court
 may consider any factors it deems pertinent and exercise its
 discretion to grant or deny the motion.
 
 
          ¶18
 Thus, the trial court did not need to reach the question of
 whether the case was "at issue" under Rule
 16(b)(1), because it could have ordered discovery under Rule
 26(d) or Rule 26(b)(2).
 
 
          ¶19
 The trial court did, however, reach Rule 16(b)(1) and ended
 its inquiry after noting that a case becomes "at
 issue" when all parties have been served and the
 required responsive pleadings are filed. See
 C.R.C.P. 16(b)(1). That is correct, but Rule 16(b)(1) further
 provides that a case may also be deemed "at
 issue"—and discovery may be ordered—"at
 such other time as the court may direct." Id.
 Specifically, Rule 16(b)(1) states:
 
 
 A case shall be deemed at issue when all parties have been
 served and all pleadings permitted by C.R.C.P. 7 have been
 filed or defaults or dismissals have been entered against all
 non-appearing parties, or at such other time as the court
 may direct. The proposed order shall state the at issue
 date.
 
 
          C.R.C.P.
 16(b)(1) (emphasis added).
 
 
          ¶20
 The trial court understood this provision to mean that a case
 is not deemed "at issue" until all parties have
 been served and all pleadings permitted under
 
 12
 
 Rule 7 have been filed, or defaults entered as described in
 the first clause of Rule 16(b)(1). And given that the
 language of section 38-1-109, C.R.S. (2025) does not require
 responsive pleadings, the trial court concluded that
 condemnation cases brought under section 38-1-109 could never
 satisfy Rule 16(b)(1).
 
 
          ¶21
 However, this reading of Rule 16(b)(1) overlooks the
 rule's plain and relevant language "or at such other
 time as the court may direct." We generally presume that
 the word "or" is used in the disjunctive,
 presenting alternative possibilities. See Armintrout v.
 People, 864 P.2d 576, 581 (Colo. 1993) ("[W]hen the
 word 'or' is used in a statute, it is presumed to be
 used in the disjunctive sense, unless legislative intent is
 clearly to the contrary."); see also Campos-Chaves
 v. Garland, 602 U.S. 447, 457 (2024) ("The word
 'or' is 'almost always
 disjunctive.'"(quoting Encino Motorcars, LLC v.
 Navarro, 584 U.S. 79, 87 (2018))). Thus, the plain
 language of Rule 16(b)(1) establishes two alternative paths
 for deeming a case "at issue." The first applies
 when all parties have been served, all relevant pleadings
 have been filed, and defaults or dismissals have been entered
 against non-appearing parties. The second permits a court to
 deem a case "at issue" whenever it determines that
 doing so is appropriate.
 
 
          ¶22
 Therefore, trial courts retain discretion to determine when a
 case is "at issue" even when the first pathway is
 inapplicable. By failing to give effect to the language
 "or at such other time as the court may direct,"
 the trial court departed
 
 13
 
 from our long-established principle that courts may not
 subtract words from rules or statutes. See Turbyne,
 151 P.3d at 567. In concluding that it lacked authority to
 order discovery, the trial court rendered this language
 superfluous, and therefore erred. N. Integrated Supply
 Project Water Activity Enter., ¶ 10, 588 P.3d at
 731.
 
 
          ¶23
 Notwithstanding the plain language of the rules, Arrowhead
 contends that Carousel Farms Metropolitan District v.
 Woodcrest Homes, Inc., 2019 CO 51, ¶ 36, 442 P.3d
 402, 411, supports its position that discovery is precluded
 in an immediate possession hearing due to the hearing's
 expedited nature. We disagree. Carousel Farms
 discussed the public use requirement within eminent domain
 proceedings, not the timeliness or propriety of discovery.
 Nothing in Carousel Farms precluded discovery in the
 context of an immediate possession hearing. Furthermore, we
 see Carousel Farms as factually distinguishable from
 the case at hand. In Carousel Farms, the taking at
 issue was for a public benefit. ¶ 27, 442 P.3d at 409.
 Thus, Carousel Farms did not hold that condemnation
 is permissible in all circumstances where there is a
 legitimate factual dispute about whether the condemnation
 serves a public purpose, as is the case here.
 
 
          ¶24
 Arrowhead also relies on American Family Mutual Insurance
 Co. v. American National Property &Casualty Co.,
 2015 COA 135, ¶ 46, 370 P.3d 319, 330, where, in the
 context of a hearing on a motion to dismiss, the court of
 appeals affirmed a trial court's denial of discovery
 prior to the case being "at issue" because "no
 good
 
 14
 
 cause has been shown." Arrowhead likens that C.R.C.P.
 12(b)(5) hearing to the immediate possession hearing at hand
 here, asserting that both involve expedited requests and
 therefore allow discovery only upon a showing of good cause.
 We deem this case distinguishable. Discovery related to a
 Rule 12(b)(5) hearing, which concerns the sufficiency of a
 complaint's allegations and a party's ability to meet
 pleading standards, is fundamentally different from discovery
 in an immediate possession hearing, which is a merits-based
 proceeding. Therefore, the parties' discovery needs in
 each context differ significantly.
 
 
          ¶25
 In sum, Rules 26(b)(2), (d), and 16(b)(1) grant trial courts
 both the discretion to order discovery and the authority to
 determine when a case is "at issue," enabling the
 court to authorize discovery. Here, the trial court should
 exercise that discretion in deciding whether to grant or deny
 the Foundation's request for discovery.
 
 
          III.
 Conclusion
 
 
          ¶26
 For these reasons, we make the order to show cause absolute
 and remand the case to the trial court to exercise its
 discretion in determining whether to grant or deny the
 Foundation's request for pretrial discovery.
 
 
 ---------
 
 
 Notes:
 
 
 [1] The issue present by the Foundation in
 its C.A.R. 21 petition is as follows:
 
 
 Whether a respondent landowner who has a good faith
 basis for challenging condemnation should be afforded the
 opportunity to conduct discovery prior to an immediate
 possession hearing.
 
 
 ---------